## Commonwealth v. Henry

*Theodore B. Smith, Jr.*, Assistant District Attorney, for Commonwealth.

*Joseph J. Cohen*, for Board of Magistrates.

*Milton R. Henry*, defendant, p. p.

ALESSANDRONI, J., December 4, 1951.—Informations for violations of The Vehicle Code were filed against petitioner. Upon failure of petitioner to appear before the magistrate pursuant to a summons, warrants were issued. Petitioner thereupon petitioned this court to quash the informations and warrants without appearing before the magistrate. With the merits of petitioner's position we are not now concerned; our interest is with the propriety of petitioner's presence before us.

The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1, et seq., 75 PS §734(a), provides for appeal from summary conviction, or (b) the summary hearing may be waived and upon filing of a bond for double the amount of fines and costs that might be imposed, the matter will be transferred for trial before a judge of the court of quarter sessions. Petitioner has made no attempt to follow this procedure; instead, he has bypassed the magistrate's court and come directly to quarter sessions.

He attacks the jurisdiction of the magistrate; noncompliance with the statute is set forth as the basis for this attack. Petitioner seeks to invoke the equity power of the court of quarter sessions. If such court in fact had equity power, it could not be invoked if there is an adequate remedy at law. Petitioner has adequate remedies; those which have been provided by the legislature. He may not now attempt to devise a new method. The attack on the jurisdiction of a court should be made in that court in the first instance. An adverse judgment on the jurisdictional question does not preclude further consideration on appeal: Commonwealth v. Gill, 166 Pa. Superior Ct. 223. Where there is a specific remedy given by statute, only that which the statute provides can be followed: Cohen v. Schofield et al., 299 Pa. 496.

It is clear that the merits of petitioner's case could not be considered, even though such petitioner were properly before the court. The record of the magistrate's court has not been transferred to this court. This can be done only after the aggrieved party has made his selection of those remedies provided in the statute and has complied with the requirements therein stated.

Petitioner has failed to follow the prescribed procedure of the statute and therefore the conclusion must be that petitioner's motion is not properly before this court. Due to the failure to avail himself of one of the statutory remedies, petitioner has not shown any right to have the informations quashed on equitable principles.

## Order

And now, to wit, December 4, 1951, the petition to quash the informations and warrants is dismissed.