# Buttorff et al. *v.* York City et al.

*Statutes—Construction of—Acts in pari materia—Acts passed at same session—Acts of May 17, 1919, P. L. 204, and May 27, 1919, P. L. 310 — Policemen — Trial of policemen — Municipalities—Cities of third class—Mayor and council—Jurisdiction.*

1. Acts passed at the same session and in pari materia must be construed together. If there is an irreconcilable conflict between the two, the earlier enactment must give way to the later.

2. The Acts of May 17, 1919, P. L. 204, and May 27, 1919, P. L. 310, passed at the same session, and relating to the trial of policemen in cities of the third class, must be construed together, and, so construed, they mean the city council cannot hear complaints against policemen until such complaints have been submitted to the council by the mayor; and when the mayor hears a complaint, and dismisses it without submission, any subsequent action of the council thereon is void for lack of jurisdiction, regardless of its 'want of information as to the prior action of the mayor.

Argued May 19, 1920. Appeals, Nos. 289 and 290, Jan. T., 1920, by Clayton R. Anstine, Wilbur C. Bressler and Austin M. Grove, members of council of York City, from judgment of C. P. York Co., April T., 1920, Nos. 88 and 89, for plaintiffs, on demurrer to return to petition for mandamus, in cases of John F. Buttorff v. City of York, Clayton R. Anstine et al., members of council, and E. S. Hugentugler, Mayor, and Frank A. Free v. City of York, Clayton R. Anstine et al., members of council, and E. S. Hugentugler, Mayor. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for mandamus.

Demurrer to return. Before WANNER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiffs on the demurrers and awarded the writs. Clayton R. Anstine,

144    BUTTORFF et al. *v.* YORK CITY et al.

Wilbur C. Bressler and Austin M. Grove, councilmen, appealed.

*Errors assigned* were decree, (1) quoting it, and (2) quoting demurrer and decree.

*McClean Stock,* for appellants.

*John L. Rouse,* for appellee.

OPINION BY MR. JUSTICE WALLING, June 26, 1920:

These two appeals involve the same questions and will be considered together. York is a city of the third class and plaintiffs are members of its police force. On January 16, 1920, the mayor directed plaintiffs to report to him daily for special duty, and on the following day the chief of police directed them to report for an entirely different and inconsistent duty. They obeyed the mayor; and the chief of police, whose orders they necessarily disregarded, at once presented charges against them to the mayor and council for such insubordination and neglect of duty. The council fixed January 27th as the time for a hearing thereon; meanwhile, on January 23d, the mayor heard the complaint against plaintiffs and on the next day found and determined that the said complaint was not well founded and dismissed the same, without submitting a report to council for its action. Thereafter, at the time appointed, the council proceeded to hear the charges, in the absence of plaintiffs who declined to appear, and, by the affirmative vote of three appellants, who were members of council, against the negative vote of the mayor and remaining councilman, adjudged them guilty of insubordination and disobedience to the orders of the chief of police and discharged them immediately. It is agreed that appellants then had no knowledge of the order for special duty previously given plaintiffs by the mayor, or of his hearing and action upon the charges in question. Subse-

quent to their discharge, plaintiffs instituted these mandamus proceedings, against the mayor and council, to compel their restoration. Writs in alternative form were awarded; to which appellants made return in effect justifying their action; while the return of the mayor and councilman, who had voted against such action, admitted all the allegations of the plaintiff. The latter demurred to the returns of appellants; and, after argument thereof by counsel and upon due consideration, the court below entered judgments for plaintiffs upon the demurrers and awarded peremptory writs; from which these appeals were taken.

The cases depend upon the relevant statutes, applicable to third class cities, the latest being that of May 27, 1919, P. L. 310, section 25 of which provides, inter alia (p. 330), "Policemen shall obey the orders of the mayor and make report to him, which report shall be laid by him before council whenever required. The mayor shall exercise a constant supervision and control over their conduct, and hear and determine all complaints against them in the discharge of their duties; and, upon finding any such complaint well founded, shall submit his report thereon to council for its action, and, in the meantime, pending action by council, the mayor shall have power to suspend such policemen from duty." A prior act, passed at the same session, to wit, the Act of May 17, 1919, P. L. 204, is as follows, viz: "All employees of said police department shall be subject to suspension by the superintendent of the department of public affairs [the mayor] for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the said police department, pending action by the city counsel upon the charges made against any such employees; and, on hearing before the city council, where they may be represented by counsel, they may be fined, or suspended for a period not to exceed thirty days, with or without pay, or they may be discharged by city council, if found guilty of the charges

made against them : Provided, however, That the said superintendent of the department of public affairs may, for misconduct or violation as aforesaid, suspend any employee of said department of police for a period not to exceed ten days, with or without pay, without preferring charges and without a hearing of council." These statutes are in pari materia and must be construed together (White et al. v. City of Meadville et al., 177 Pa. 643; Endlich on the Interpretation of Statutes, section 43); this is more especially true as both were passed at the same session: see Brown v. County Commissioners, 21 Pa. 37, 42; Endlich on the Interpretation of Statutes, sec. 45; 25 Ruling Case Law, p. 1062, sec. 286. However, even in the latter case, where there is an irreconcilable conflict between the two, the earlier enactment must give way to the later: Pa. State Camp, P. O. S. of A.'s Application, 261 Pa. 184, 186; 25 Ruling Case Law, p. 1063. The Act of May 27, 1919, in part above quoted, also contains an express repeal of all inconsistent legislation. While the above quoted Act of May 17, 1919, standing alone, might be properly construed as authorizing council to hear all complaints against employees of the police department, except as therein otherwise provided, yet, when read in connection with the act first above quoted, it is apparent that the duty devolves upon the mayor first to hear and determine all complaints against such employees in the discharge of their duties, and he is directed to submit his report thereon to council for its action only when he finds the complaints well founded. Considering both acts, the right of council to hear and determine such complaints is limited to those so submitted by the mayor; otherwise it would be the duty of council and also of the mayor to hear originally each complaint, which would result in conflict of authority and confusion. It is manifestly the mayor's duty under the plain words of the act to hear and determine all complaints, and, if it is also the duty of council to do the same, such conflict is inevi-

table; whereas, confining councilmanic hearings to the cases submitted by the mayor, harmonizes the statutory provisions and avoids all complications. In the language of the court below: "The final Act of May 27, 1919, which is later than any other statute or ordinance on the subject, lays down clearly and definitely the proper course of procedure upon the complaints against policemen 'in the discharge of their duty,' to which class of cases this one clearly belongs. It provides that the mayor shall first 'hear and determine all such complaints, and, in case he shall find them well founded, he shall report them to the council.' The council must therefore await the mayor's decision and report, before it has statutory authority to take action." As the mayor found the complaints in question not well founded and dismissed the same, without making any report thereof to council, its subsequent action thereon was void for lack of jurisdiction, regardless of its want of information as to the prior action of the mayor, and the court below properly ordered the restoration of plaintiffs to the positions from which they had been illegally discharged.

As council had no jurisdiction the question of its discretion is not involved.

The judgment in each case is affirmed at the costs of the appellants.