## Briney v. McCloskey, Mayor

*Weimer & Bennett,* for petitioner.

McCANN, P. J., March 14, 1932.—We have for decision a writ of alternative mandamus growing out of the suspension for ten days, without pay, without having preferred charges, and without a hearing of council, by the Mayor of the City of Johnstown, of its chief of police, C. E. Briney, and the refusal on the part of the former to countersign the voucher for the month of January, in which such suspension was directed.

This power is given by section 4408, article 23, of The Third Class City Law of 1931, P. L. 932, which is a reënactment of the Acts of May 17, 1919, P. L. 204, and of section twenty-five of the Act of May 27, 1919, P. L. 310.

No charges were preferred after such suspension, and, consequently, no hearing of council was held.

The plaintiff asks for relief in order to obtain his voucher for his monthly salary.

The Acts of 1919 were construed in the case of Buttorff et al. *v.* York City et al., 268 Pa. 143, in which case it was held that the mayor shall first hear and determine all complaints, and in the event of his finding them well founded, shall refer them to council; and that council has jurisdiction to hear and determine only such complaints as are submitted to it by the mayor.

The right of the mayor thus to suspend is for certain specific acts, namely, for misconduct, or violation of any law of the Commonwealth, any ordinance of the city or regulation of the police department. The suspension, by the terms of the act, for a period of ten days may be ordered without assigning any reason or preferring any charges, and were this all we had before us we would have nothing on which to decide the question of the discretion of the mayor. But it happens that the reason given for the action of the mayor is contained in a letter which accompanied the oral suspension, which is made part of the pleadings, and which by its terms gives none of the reasons given by the act of assembly as grounds for such suspension.

We, therefore, conclude that such suspension was an abuse of legal discretion, and direct that the voucher for the month of January be signed by the mayor as prayed for in the petition for the writ of alternative mandamus.

From Henry W. Storey, Jr., Johnstown, Pa.