Edward B. Meyers and Irwin B. Robbins t/a Best Homes, Appellants *v.* The Board of Supervisors of Lower Makefield Township, Appellee.

Reargued April 3, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, DISALLE and CRAIG. Judges ROGERS and MACPHAIL did not participate.

*Franklin H. Spitzer,* with him *Howard Gittis* and *Richard E. Levine,* for appellants.

*William J. Carlin,* with him *John P. Koopman,* and *Begley, Carlin, Mandio & Popkin,* for appellee.

PER CURIAM OPINION, June 4, 1979:

After our decision in this case was handed down on November 22, 1978, appellee filed a timely application for reargument. Reargument was granted, limited to the issue of the effect, if any, of the Act of Assembly No. 249 (Act), P.L. 1067, signed by the Governor on October 5, 1978, after the original argument of this case on September 26, 1978.

The above Act, expressly applicable to pending cases, sets forth the standards "the court" shall use in considering any zoning appeal. It goes on to provide:

(2) If the court, in accordance with the standards provided in subsection (1), finds that an ordinance or map or a decision or order thereunder which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or, failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in

accordance with the court's opinion and order. In issuing its order the court shall consider the following: (i) the locational suitability of the site for the uses proposed including the general location of the site with regard to major roads, sewer facilities, water supplies, schools and other public service facilities or the comprehensive plan and zoning ordinance of the municipality and the county if they exist; (ii) the impact of the proposal on regional housing needs, the transportation network, and the other public services and facilities; (iii) the suitability of the site for the intention of use proposed by the site's soils, slopes, woodland, wetlands, flood plains, aquifers, natural resources and other natural features; (iv) the impact of the proposed use on the site's soils, slopes, woodlands, wetlands, flood plains, natural resources and natural features, the degree to which these are protected or destroyed, the tolerance of the resources to development and any adverse environmental impacts; and (v) the impact of the proposal on the preservation of agriculture and other land uses which are essential to public health and welfare.

Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. He shall be paid reasonable compensation for his services which may be assessed against any or all of the parties as determined by the court. The court shall retain

jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowners as declared in its opinion and order.

Section 6 of the Act, amending Section 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11011.

It is our interpretation of this amendment that it applies to all cases pending at the time of its adoption in any court that performs the functions of the "court" as set forth in the above quoted section, *i.e.* the court of common pleas. Note in particular that it provides "the judge of the court may hold a hearing or hearings," also, "the court shall retain jurisdiction" to protect the rights of the landowner.

Since the instant case was not pending before any court that could perform the functions set forth, but rather had been appealed beyond that point, the amendment does not apply.

Accordingly, we find no occasion to modify our opinion or order heretofore filed in this matter.

———

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent.

Section 8(a) of the Act of Assembly No. 249 (Act), P.L. 1067, provides as follows: "Anything in this act to the contrary notwithstanding, the procedures established by Section 1011 of this act shall apply to substantive challenges within the jurisdiction *of any court* on the effective date of this act." (Emphasis added.) As noted by the majority, the instant case was pending within our Court's appellate jurisdiction when the Act became effective. Since the legislature has ex-

pressly mandated application of Section 1011 to all "substantive challenges" pending before "any court," I believe it is incumbent upon our Court to remand the instant case to the lower court for further proceedings consistent with Section 1011.