The Board of Public Education of the School District of Pittsburgh, Appellant *v.* Sheldon Goldstein, Appellee.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *David H. Dille,* Assistant Solicitor, for appellant.

*Raymond Radakovich,* with him *Alan Frank,* for appellee.

OPINION BY JUDGE ROGERS, July 2, 1979 :

Sheldon Goldstein was employed by the School District of Pittsburgh as its Coordinator of Transportation from 1971 until December 31, 1975 when his position was abolished and he was transferred to a teaching position. On September 29, 1977, Goldstein filed an appeal pursuant to the Local Agency Law[1] in the Court of Common Pleas of Allegheny County. The School District filed a petition for rule to show cause why the appeal should not be dismissed as untimely and, as we read the petition, because the Board's action was not an adjudication appealable under the Local Agency Law. After hearings on the rule were closed, Goldstein filed a motion that the matter be remanded to the Board of Education for hearing and decision on the question of whether he was a professional employee. The court below discharged the rule and remanded the matter to the Board of Education for a determination of whether Goldstein was a professional employee as defined in Section 1101 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1101. The School District appeals from this order.

We must first decide whether the order was appealable, an issue we have raised sua sponte. An appeal may be taken as of right from an interlocutory order only as provided by statute or general rule. Pa. R.A.P. 311(a). Section 1 of the Act of March 5, 1925, P.L. 23, *as amended,* 12 P.S. §672,[2] provides, however, that determinations of questions of jurisdiction are appeal-

---

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. §2(a). Similar provisions are now found at 2 Pa. C.S. §§551-55.

[2] Although the Act of March 5, 1925, P.L. 23, was repealed by Section 2(a) of JARA, 42 P.S. §2(a), the repeal is not effective until June 27, 1980.

able "as in cases of final judgments." No court has jurisdiction of a case untimely appealed. The order below was appealable because it answered a question of jurisdiction when it discharged the rule and remanded the case for further proceedings. *City of Philadelphia v. Goldstein*, 24 Pa. Commonwealth Ct. 434, 357 A.2d 260 (1976).

On the merits, we are compelled to reverse the order below because the record conclusively shows that Goldstein was a nonprofessional employee whose employment was terminated for economy reasons and, therefore, was not entitled to a hearing. The position of Coordinator of Transportation is not one of the categories of position enumerated in Section 1101 of the Public School Code of 1949, 24 P.S. §11-1101 as conferring the status of professional employee. Further, he testified at the hearing in the court below that he participated in no teaching or other direct educational activities. *Fiorenza v. Board of School Directors of Chichester School District*, 28 Pa. Commonwealth Ct. 134, 367 A.2d 808 (1977).

In *Sergi v. School District of Pittsburgh*, 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977), we held that a school board's action terminating the employment of a nonprofessional employee for reasons of economy was not an adjudication requiring the board to conduct a hearing.

We therefore reverse the order below and dismiss the appellee's appeal in the court below.

Judge MENCER concurs in the result only.

### ORDER

AND Now, this 2nd day of July, 1979, the Order of the Court of Common Pleas of Allegheny County, discharging the School District's rule to dismiss the appellee's appeal and remanding the matter to the School Board for a determination of whether Mr. Goldstein

was a professional employee is reversed; and the appeal of Sheldon Goldstein filed in the Court of Common Pleas of Allegheny County on September 29, 1977 be and it is hereby dismissed.