427 A.2d 203

**Sandra M. TURNER**

v.

**The MAY CORPORATION, t/d/b/a Kaufmann's Department Store, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed March 13, 1981.

Robert G. Simasek, Pittsburgh, for appellant.

Max A. Levine, Pittsburgh, for appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an Order denying appellant's Motion to Quash appellee's appeal from an arbitration panel's award.

██ On November 8, 1979, a panel of arbitrators heard the appellee's Complaint in Trespass and issued an award in favor of appellant. On December 7, 1979, the appellee filed an appeal to the Court of Common Pleas of Allegheny County requesting a trial de novo. Appellant, thereafter, filed a Motion to Quash the appeal on the grounds that it was untimely, having been filed more than twenty days after the entry of the arbitrators' award.[1] The lower court, per Judge R. Stanton Wettick, denied the appellant's Motion on December 28, 1979. We agree and, accordingly, affirm the lower court's Order.

1. This contention is based on the 20-day period provided for in the Act of June 16, 1836, P.L. 715, § 27, as amended, 5 P.S. § 71. Appellant posits that despite this Act's repeal by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53[149] (effective June 27, 1978); 42 Pa.C.S.A. § 20002(a) (Pamphlet, 1980), it still exists in this Commonwealth in the nature of common law. *See infra* note 4. It is to be noted that at the time this cause of action arose, local Rule 306A of the Court of Common Pleas of Allegheny County set forth the same time period for the taking of such appeal. This Rule has since been amended (Oct. 6, 1980) to allow thirty days for an appeal. However, the existence of the Rule at the time the appeal was commenced has no bearing on the outcome of this case, since a local rule of court is subordinate to laws promulgated by our Legislature.

Before discussing the merits of appellant's claim, we must determine whether the Order appealed from here is final. Although neither party has specifically questioned the jurisdiction of this Court on this matter,[2] the mere agreement of the parties will not vest jurisdiction where it otherwise should not be. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). On this subject, our Supreme Court in *T.C.R. Realty, supra,* stated:

"It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute. In ascertaining what is a 'final order,' we have looked beyond the technical effect of the adjudication to its practical ramifications. We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.' [Also,] ... an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court." *Id.,* 472 Pa. at 337, 372 A.2d at 724. (Citations omitted)

Absent a specific statutory provision authorizing the instant appeal, it is clear that it is interlocutory. A litigant who has had denied a motion to quash an appeal from the award of a board of arbitrators is not "out of court;" he may still proceed on the merits in the court below. *See Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty, supra* ; *Lower Paxton Township v. Fieseler Neon Signs*, 37 Pa.Cmwlth. 506, 391 A.2d 720 (1978). However, the lower court's ruling on the timeliness of the appeal constituted a ruling on the subject matter jurisdiction. *See, e. g., James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975) (statutory requirements for

**2.** In such situations, the Court should raise the issue *sua sponte. Jones v. Crossgates, Inc.,* 220 Pa.Super. 427, 289 A.2d 491 (1972). The fact that the appellant states in its brief that jurisdiction is conferred on the Superior Court over this matter by reason of the Act of July 9, 1976, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 742 (Pamphlet, 1980) is not dispositive of the question. (Appellant's Brief, at 1).

the perfecting of an appeal from the award of arbitrators are jurisdictional); *Commonwealth v. Molyneaux,* 277 Pa.Super. 264, 419 A.2d 763 (1980) (timeliness of an appeal is a jurisdictional question); *Drozdowski v. Keystone Truck Leasing,* 277 Pa.Super. 55, 419 A.2d 657 (1980) (SPAETH, J.) (statutory requirements for perfecting an appeal from a board of arbitrators are jurisdictional); *Commonwealth v. Dorman,* 272 Pa.Super. 149, 414 A.2d 713 (1979) (same); *see also Department of Transportation, Bureau of Traffic Safety v. Bower,* 48 Pa.Cmwlth. 379, 410 A.2d 91 (1980); *Board of Public Education of the School District of Pittsburgh v. Goldstein,* 43 Pa.Cmwlth. 643, 403 A.2d 176 (1979). As such, the "trial court's ruling on a preliminary objection raising the question of jurisdiction, although interlocutory, is subject to the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, *repealed,* Act of April 28, 1978, P.L. 202, § 2(a)[1069] (effective June 27, 1980), which provides for an immediate appeal of such rulings."[3] *Visscher v. O'Brien,* 274 Pa.Super. 375, 381, 418 A.2d 454, 457 (1980). Thus, we find that the Order of the court below is appealable.

The issue to be resolved by this Court is the determination of exactly which statute of limitations governs the appeal provision found in Section 7361, the Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978; 42 Pa.C.S.A. § 7361 (Pamphlet, 1980). The statute reads as follows:

"§ 7361. Compulsory arbitration

(a) General rule.—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.

**3.** Even though the instant appeal was not specifically taken pursuant to 12 P.S. § 672, the Court is not precluded from looking to it as the predicate for hearing the case. *See generally, Reynolds Metals Co. v. Berger,* 423 Pa. 360, 223 A.2d 855 (1966). Also, since the present appeal was docketed on January 28, 1980, its validity is to be determined by the law in effect at that time, i. e., 12 P.S. § 672. *See Drozdowski v. Keystone Truck Leasing, supra,* 277 Pa.Super. at 58 n. 2, 419 A.2d at 659 n. 2; *Board of Public Education of the School District of Pittsburgh v. Goldstein, supra* ; Pa.R.A.P. 311(a)(7).

(b) Limitations.—No matter shall be referred under subsection (a):

(1) which involves title to real property; or

(2) where the amount in controversy, exclusive of interest and costs, exceeds:

(i) $10,000 in judicial districts embracing first, second, second class A or third class counties; or

(ii) $5,000 in any other judicial district.

(c) Procedure.—The arbitrators appointed pursuant to this section shall have such powers and shall proceed in such manner as shall be prescribed by general rules.

(d) Appeal.—Any party to a matter shall have a right to appeal to and to a trial de novo in the court upon payment of such amount or proportion of fees and costs within such time as shall be prescribed by general rule and upon compliance with such other procedures as shall be prescribed by general rules. In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court."

It is appellee's contention that Section 5571(b) of the Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, the Act of April 28, 1978, P.L. 202, No. 53, § 10(67), effective June 27, 1978; 42 Pa.C.S.A. § 5571(b) (Pamphlet, 1980), controls. Section 5571 provides in pertinent part:

"§ 5571. Appeals generally

(a) General rule.—The time for filing an appeal, a petition for allowance of appeal, a petition for permission to appeal or a petition for review of a quasi-judicial order, in the Supreme Court, the Superior Court or the Commonwealth Court shall be governed by general rules. No other provision of this subchapter shall be applicable to matters subject to this subsection.

(b) Other courts.—Except as otherwise provided in subsections (a) and (c) [which relates to exceptions not herein applicable], an appeal from a tribunal or other government unit to a court or from a court to an appellate court shall be commenced within 30 days after the entry of the

order from which the appeal is taken, in the case of an interlocutory or final order."

The appellant, on the other hand, asserts that the appeal, having been filed on the twenty-ninth day after the arbitrators' award, contravened the Act of June 16, 1836, P.L. 715, § 27, *as amended*, 5 P.S. § 71.[4] The Act of 1836, as amended, reads in relevant part:

"§ 71. Parties may appeal

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time

4. This statute was specifically repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53[149] (effective June 27, 1978); 42 Pa.C.S.A. § 20002(a) (Pamphlet, 1980) (JARA). Nevertheless, appellant contends that it survives in this Commonwealth in the form of common law, by virtue of Section 20003(b) of the JARA; 42 Pa.C.S.A. § 20003(b) (Pamphlet, 1980), which reads:

"(b) Interpretation.—The specific repeals effected by section 2 [42 Pa.C.S.A. § 20002 *et seq.*] are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated. Nothing in this act is intended to revive any act heretofore supplied and repealed by later inconsistent legislation. The fact that this act specifically repeals part of an act shall not create any implication that the unrepealed parts of such act are consistent with or are not supplied by the applicable provisions of the Pennsylvania Consolidated Statutes or other later statutes."

The Court does not agree with appellant's argument, inasmuch as it determines that one need not look to Section 20003(b) to resolve the question posed. Rather, upon a review of the Judicial Code, tempered by the rules of statutory construction discussed *infra*, the Court concludes that the "time" for taking an appeal under Section 7361 is amenable to Section 5571(b). Moreover, there is nothing that the Court can discern in Section 7361 which would make the reading of Section 5571(b) in conjunction with Section 7361(d) inconsistent. *See generally, City of York v. Reihart*, 475 Pa. 151, 379 A.2d 1328 (1977); 1 Pa.C.S.A. § 1932 (Supp. 1964–79); 2A Sutherland, Statutory Construction § 51.03, at 298 (4th Ed. 1973); 34 P.L.E. Statutes § 142, at 466–67 (1960).

the rule or agreement of reference was entered, under the following rules, regulations, restrictions, viz.:

\* \* \* \* \* \*

IV. Such appeal shall be entered ... within twenty days after the day of the entry of the award of the arbitrators on the docket.

V. ... All appeals shall be de novo."

Upon an initial review of Section 7361, one observes that the Legislature failed to specify the time within which an appeal had to be taken therefrom. Given this ambiguity,[5] the Court considers the issue to be one of statutory construction, and, in such circumstances, the function of a reviewing court "is to ascertain and effectuate the intention of the General Assembly." The Statutory Construction Act, Act of December 6, 1972, P.L. 1339, No. 290, § 3; 1 Pa.C.S.A. § 1921(a) (Supp. 1964–79). As that applies to the facts here, our task is to determine if the Legislature intended the 30-day period provided for in Section 5571(b) to govern the appeal provision in Section 7361. On this point, "[o]ur rules of statutory construction provide that when statutes or parts of statutes relate to the same persons or things or to the same class of person or things they are in *pari materia* and should be 'construed together, if possible, as one statute.' Act of 1970, November 25, P.L. 707, No. 230, added 1972, Dec. 6, P.L. 1339, No. 290 § 3, 1 Pa.C.S.A. § 1932 (Supp. 1977–78)." *City of York v. Reihart,* 475 Pa. 151, 156, 379 A.2d 1328, 1330 (1977). More particularly:

"To be in pari materia, statutes need not have been enacted simultaneously or refer to one another. However,

---

5. *See, e. g.,* Pa.R.C.P. 247.1, which was promulgated by our Supreme Court as a general rule to Section 7361(d) on January 21, 1980 (effective February 2, 1980). The Court so acted for the specific purpose of "clarifying" the time within which an appeal from compulsory arbitration had to be taken, i. e., 30 days. Purdon's *Pennsylvania Legislative Service,* No. 1, at 89 (Pamphlet, 1980). The Court need not decide if Pa.R.C.P. 247.1 is retroactive, given its ultimate decision. *But see In re Honey Bear, Inc.,* 45 Pa.Cmwlth. 185, 406 A.2d 814 (1979) (citing cases) and *Meyers v. The Board of Supervisors of Lower Makefield Township,* 43 Pa.Cmwlth. 196, 402 A.2d 278 (1979), on such subject.

*application of the rule that statutes in pari materia should be construed together is most justified, and light from that source has the greatest probative force, in the case of statutes relating to the same subject matter that were passed at the same session of the legislature, especially if they were passed or approved or take effect on the same day, ... In these situations the probability that acts relating to the same subject matter were actuated by the same policy is very high, for in the ... situations mentioned they were passed by the same men ..."* (Emphasis added) 2A Sutherland, Statutory Construction § 51.03, at 299 (4th Ed. 1973). *See also Girard School District v. Pittenger,* 481 Pa. 91, 392 A.2d 261 (1978); *Buttorff v. York City,* 268 Pa. 143, 110 A. 728 (1920); *Commonwealth of Pennsylvania Insurance Department v. Adrid,* 24 Pa. Cmwlth. 270, 355 A.2d 597 (1976); 1 Pa.C.S.A. § 1932 (Supp. 1964–79); 73 Am.Jur.2d, Statutes §§ 188, 189, 190 & 191 (1974); 34 P.L.E. Statutes § 159 (1960).

Further, it has been noted that:

"Because the object of the [*pari materia*] rule is to ascertain and carry into effect the legislative intent it proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. [Also, [u]nder this rule, each statute or section is construed in the light of, with reference to, or in connection with, other statutes or sections ..." 75 Am. Jur.2d, Statutes § 187, at 386–87 (1974).

By construing each section in light of, with reference to, or in connection with, other sections, *id.*, even if the particular statute or section makes no specific reference to the other, 1A Sutherland, Statutory Construction § 21.13 (4th Ed. 1972), the Court is aided in ascertaining a section's real meaning and the legislative intent. Only thereby can the Court get an exact conception of the section's aim, scope and objective. *See Keating v. White,* 141 Pa.Super. 495, 504, 15 A.2d 396, 399 (1940); *Commonwealth of Pennsylvania Insurance Department v. Adrid, supra; see also* 73 Am.Jur.2d, Statutes §§ 188 & 191 (1974).

 Alignment of the facts against the aforesaid standard reveals that Sections 5571 and 7361 were enacted on July 9, 1976, during the 160th Session of the General Assembly, and both provisions became effective on June 27, 1978. Further, the two Sections, in the Court's opinion, serve the same purpose, i. e., the preservation of one's "right to appeal." The language of the Sections bears this out, in Section 7361(d) it is labeled a "right to appeal to and to a trial de novo in the court," and in Section 5571(b) it is worded "an appeal from a tribunal or other government unit to a court or from a court to an appellate court." [6]

**6.** This determination also undermines appellant's averment that the failure of the statute delineating the jurisdiction of the courts of common pleas (42 Pa.C.S.A. § 931(a) (Pamphlet, 1980)) to specifically authorize review of appeals from compulsory arbitration, is additional evidence that Section 7361(d) is controlled by the time period set forth in 5 P.S. § 71 for the taking of such appeals. (Appellant's Brief, at 10) Appellant's reading of Section 931(a) is a constrained one, which in effect, fails to recognize the right of any party in compulsory arbitration "to appeal to and to a trial de novo in the court." 42 Pa.C.S.A. § 7361(d). In other words, such a reading renders the quoted language a nullity and is contra the doctrine in statutory construction that the legislature is presumed not to have intended its laws to contain surplusage. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977); *Lynch v. Owen J. Roberts School District*, 430 Pa. 461, 244 A.2d 1 (1968). Thus, appellant's contention is found to be specious. The Court has also examined counsel's other arguments, i. e.: 1) the failure of the Judicial Code to evidence in its disposition and derivation tables (Tables 1 & 2, respectively,) 42 Pa.C.S.A. X, CXXV & CXXIX (Pamphlet, 1980), a nexus between Section 5571(b) and Section 7361 or 5 P.S. § 71, is proof of the Legislature's intent not to have Section 5571(b) apply to appeals from compulsory arbitration; 2) a proposal of the Civil Procedure Rules Committee, appearing at 412 A.2d No. 2, at 1, May 2, 1980, that "the practice and procedure provided in all former Acts of Assembly governing compulsory arbitration which have been repealed effective June 27, 1978 ... by the ... (JARA) ... and which are now part of the common law of the Commonwealth by virtue of Section 3(b) of the JARA, are hereby abolished and shall not continue as part of the common law of the Commonwealth ...", is consistent with the claim that Section 7361 was to be governed by the 20-day time period listed in 5 P.S. § 71. (Appellant's Brief, at 8–10) The Court finds such points, although reflective of some intent, not dispositive of the Legislature's objective in enacting Section 5571. The Judicial Code is to be read in toto to garner legislative intent; one is not to give undue emphasis to the letter of the law under the guise of pursuing legislative intent. 1 Pa.C.S.A. § 1921(b). Therefore, after examination of all the parties contentions, the Court

■■■ After considering the identity of purpose of the two Sections, their simultaneous enactment and the fact that the ambiguity in Section 7361(d) can be clarified by reference to the provisions of Section 5571(b), it is the opinion of this Court that the reference in Section 7361(d) to an "appeal" should be read in conjunction with the time prescribed for the taking of an "appeal" in Section 5571(b). This conclusion comports with *Lewis v. Erie Insurance Exchange*, 281 Pa.Super. 193, 421 A.2d 1214 (1980), which is the only case to date touching on the issue at hand. Thus, inasmuch as the most contemporaneous, practical and conclusive interpretation of a statute is to be garnered from that given to it by the courts of the state,[7] 2A Sutherland, Statutory Construction § 49.05 (4th Ed. 1973), citing *Harry C. Erb, Inc. v. Shell Construction Co.*, 206 Pa.Super. 388, 213 A.2d 383 (1965), the Court considers *Lewis* instructive. In *Lewis* the Court ruled that, *inter alia*, a petition to vacate an arbitration award filed thirty-one days after its issuance was not untimely, since the action came within the purview of the Uniform Arbitration Act, Act of April 25, 1927, P.L. 381, No. 248, § 13, 5 P.S. § 173, which prescribed an appeal time of three months, and was not controlled by the thirty day period provided for in Section 5571.

It is of no moment that the *Lewis* Court sustained the appellant's petition to vacate the award on the ground that Section 5571 did not control the dispute. Rather, what is to be gleaned therefrom is the *rationale* utilized by the Court in reaching its decision, *viz.*:

> finds that appellant's remaining arguments are not meritorious, and do not warrant the relief requested.

**7.** Attached to appellant's brief is an unpublished copy of a case (*Hanek v. Stover*, No. G.D. 75–5743, Common Pleas Court of Allegheny County (1979) (WETTICK, J., dissenting)) supportive of its position. As stated in the past, while a holding of the courts of common pleas should not be passed over lightly by the appellate courts, they do not *bind* us. *See Burgoon v. Zoning Hearing Board of Charlestown Township*, 2 Pa.Cmwlth. 238, 277 A.2d 837 (1971), citing *Orban v. Makarczyk*, 166 Pa.Super. 523, 72 A.2d 606 (1950). *Accord, City of Philadelphia v. Price*, 419 Pa. 564, 215 A.2d 661 (1966). After a thorough review of said opinion, the Court is not dissuaded to alter its ruling.

"Section 5571 of the Judicial Code specifies that 'an appeal from a tribunal or other government unit to a court . . . shall be commenced within 30 days after the entry of the order from which the appeal is taken . . .' 42 Pa.C.S. § 5571(b). Although in common usage the term 'tribunal' would encompass all boards of arbitration, the Judicial Code explicitly limits the scope of this term to '[a] court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions.' 42 Pa.C.S. § 102. Further delving into the definition section of the Judicial Code reveals that the term 'judicial officer' includes only judges, district justices and appointive judicial officers. Although 'appointive judicial officers' is defined by the Judicial Code to include arbitrators, that term by its very wording excludes arbitrators sitting to decide a controversy that has been voluntarily submitted for settlement by arbitration. Act of April 25, 1927, P.L. 381, No. 248, § 4, 5 P.S. § 164. In those circumstances, the arbitrators are selected by the parties, and are not appointed by personnel from within the unified judicial system.[7]

[7] Since the manner of choosing arbitrators differs *when a case is subject to compulsory arbitration under 42 Pa.C.S. § 7361, an award by a board of arbitrators in a compulsory arbitration would be subject to the thirty day appeal period specified in the Judicial Code, 42 Pa.C.S. § 5571.* In that situation, the arbitrators are appointed by the prothonotary from a list of qualified attorneys and would be included within the definition of 'appointive judicial officers.'" (Emphasis added) *Id.*, 281 Pa.Super. at 200 n. 7, 421 A.2d at 1218 n. 7.

The Court determines that the preceding *rationale* is germane to the instant case. By commencing with the term "tribunal" in Section 5571(b) and tracing it through the definitional section of the Judicial Code, 42 Pa.C.S.A. § 102 (Pamphlet, 1980) (e. g., a reading of the term "tribunal" reveals that it embraces a "judicial officer," which in turn is defined to encompass an "appointive judicial officer;" since arbitrators chosen to hear compulsory arbitration cases come within the ambit of "appointive judicial officer,") one ends

up logically in Section 7361(d) the provision dealing with compulsory arbitration. *Lewis v. Erie Insurance Exchange, supra; see also* lower court's opinion, at 3–4. Consequently, based on a reading of the Sections in *pari materia* and the supportive case law, the Court affirms the lower court's Order.