Jose Moran, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John L. Walder,* with him *Joseph P. Green,* for appellant.

*Steven Marcuse*, Assistant Attorney General, with him *Stephen B. Lipson*, Assistant Attorney General, and *Richard Wagner*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 25, 1981:

Jose Moran (claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision denying him unemployment benefits by force of Section 402(b)(1) of the Unemployment Compensation Law.[1] In this appeal, the claimant contests the refusal of the Board to order a new hearing.

Claimant, a Spanish speaking individual, was employed by the Valley Forge Hilton for approximately three months. He terminated his employment when he was asked to clean the hotel lobby and some restrooms. He felt that his job duties did not include that assignment and feared that he might become permanently responsible for this task.

Soon after leaving his job, claimant applied for unemployment compensation benefits. The Bureau of Employment Security (Bureau)[2] found claimant eligible for benefits, and claimant's employer appealed that determination. At the Referee's hearing, the claimant appeared with *an interpreter of his own choosing*. Also present at the hearing was claimant's son who was proficient in both English and Spanish. The Referee reversed the decision of the Bureau, concluding that claimant's termination of employment was not for "cause of a necessitous and compelling nature."

The referee found that the cleaning assignment to which claimant objected had been performed by him on prior occasions and was in line with his ordinary job duties. Furthermore, the cleaning assignment was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] Now "Office" of Employment Security.

only temporary in nature. The Board upheld the Referee's decision and denied claimant's request for a new hearing. Claimant now appeals to this Court.

The claimant does not directly dispute the findings of facts or conclusions of law as determined by the Referee. Rather, he contends that he was denied a full and fair hearing because the Board did not provide him with the services of its official interpreter. In that regard, the claimant asserts that his own interpreter was incompetent and unable to protect his constitutional rights.

In deciding the instant case, we are guided by our holding in *Gonzalez v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978). In *Gonzalez*, the claimant's appeal was based on his contention that he was denied a full and fair hearing due to inadequate interpretive services. The record in that case established that the claimant was permitted to testify through a translator who was present throughout the entire proceeding. There was nothing in *Gonzalez* to indicate that the translator ever refused a request by the claimant to translate or explain, that the translator was incompetent, or that claimant's use of the translator's skills was in any way impeded. Based on those facts, this court determined that the interpretive services in question satisfied the demands of due process.

Our review leads us to conclude that the instant claimant received a quality of interpretive service essentially equal to those held to be adequate in *Gonzalez*, and for that reason the claimant's due process contention must fail. So too, our review satisfies us that the referee's findings of fact were supported by substantial evidence and that no error of law was committed. Accordingly, we affirm the order of the Board denying benefits.

## ORDER

AND NOW, the 25th day of March, 1981, the Order of the Unemployment Compensation Board of Review, at Decision No. B-172194, denying benefits to Jose Moran, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.