488 A.2d 317

**Konstantinous TSIOUKAS, Appellee,**

v.

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1984.

Filed Feb. 13, 1985.

Joseph F. Leeson, Bethlehem, for appellant.

John R. Vivian, Jr., Easton, for appellee.

Before McEWEN, BECK and HOFFMAN, JJ.

BECK, Judge:

Appellant insurance company prevailed in a compulsory arbitration proceeding initiated by appellee claimant who sued under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101 et seq. Appellee claimant filed a Notice of Appeal in the trial court from the arbitration award. *See* Pa.R.C.P. No. 1308. Appellant filed a Motion to Quash the appeal based on untimeliness. Appellant's Motion to Quash was denied, and appellant asks this court to determine whether the denial was proper.

The threshold question is whether the trial court order denying appellant's motion to quash appellee's appeal from

the arbitration award is an appealable order for purposes of Superior Court review. For the following reasons we find that the instant trial court order is not appealable, and therefore we quash appellant's present appeal to the Superior Court.

In denying appellant's Motion to Quash appellee's appeal from the arbitration award, the trial court placed the parties in a posture to proceed in court on the merits of their dispute. Since the trial court's order thus did not put the parties out of court or end the parties' litigation, the trial court's order refusing to quash appellee's appeal was an interlocutory order. *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981).

Interlocutory orders are appealable only if rendered appealable by statute or general rule promulgated by the Pennsylvania Supreme Court. Pa.R.A.P. 311–312; Sections 702 and 5105 of the Judicial Code, 42 Pa.C.S. §§ 702 & 5105.

Citing *Turner*, appellant argues that the trial court's interlocutory order should be deemed appealable. In *Turner*, as in the case sub judice, the trial court denied a Motion to Quash an appeal from an arbitration award. In accordance with Section 1 of the Act of March 5, 1925 ("Act"),[1] P.L. 23, 12 P.S. § 672, which provided for immediate appeals from trial court jurisdictional rulings,[2] *Visscher v. O'Brien*, 274 Pa.Super. 375, 418 A.2d 454 (1980), we held that the trial court order in *Turner* was an appealable interlocutory order.

However, the basis for our rationale in *Turner* does not exist in the case before us. Section 1 of the Act was repealed by Section 2(a)[1069] of the Act of April 28, 1978,

1. In pertinent part, Section 1 of the Act of March 5, 1925, P.L. 23, 12 P.S. § 672, states that whenever "the question of jurisdiction over the defendant or of the cause of action ... is raised in the court of first instance, it shall be preliminarily determined by the court ... and the decision may be appealed to ... the Superior Court, as in cases of final judgments."

2. A court's ruling on the timeliness of an appeal constitutes a ruling on subject matter jurisdiction. *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981).

P.L. 202 (effective June 27, 1980), and the repealer was in effect when the trial court denied appellant's Motion to Quash appellee's appeal from the arbitration award. The subject matter covered by Section 1 of the Act now appears at Section 5105(c) of the Judicial Code, 42 Pa.C.S. § 5105(c).[3] Hence, the present case is governed by Section 5105(c) of the Judicial Code which has been implemented by Pa.R.A.P. 311. *See Note* following Pa.R.A.P. 311.

Currently, there is no statute or rule of court which makes automatically appealable a trial court's interlocutory order denying a motion to Quash an appeal from an arbitration award.[4] *See* Pa.R.A.P. 311. Consequently, the instant appeal is quashed without prejudice to appellant's right to raise any jurisdictional issue in a subsequent appeal.

---

**3.** Section 5105(c) of the Judicial Code, 42 Pa.C.S. § 5105(c), states in relevant part that "[t]here shall be a right of appeal from such interlocutory orders ... as may be specified by law. The governing authority ... shall establish by general rule rights to appeal from such classes of interlocutory orders ... from which appeals are regularly permitted pursuant to section 702(b) [42 Pa.C.S. § 702(b) ]."

**4.** See Section 7320 of the Uniform Arbitration Act, 42 Pa.C.S. § 7320, for an example of legislation which renders appealable certain types of orders relating to statutory arbitration.