**Connors v. Metropolitan Life Insurance Co.**

*Daniel M. Berger* and *James M. Pietz,* for plaintiff.
*Frederick N. Egler,* for defendant MetLife.
*Claire M. Bello,* for defendant Tenuta.

SOLOMON, *J.,* December 26, 1997—Presently before the court are the preliminary objections of the defendants, Metropolitan Life Insurance Company and Metropolitan Insurance and Annuity Company.

## BACKGROUND

The plaintiff, Garrett A. Connors II, filed this action to recover damages incurred following an allegedly improper sale of a life insurance product to him by the defendants, Metropolitan Life Insurance Company, Metropolitan Insurance and Annuity Company ("MetLife") and Frank B. Tenuta.

Defendants, MetLife, have filed preliminary objections in the nature of a demurrer to Counts Two, Four, and Five of the complaint. Count Two alleges a breach of fiduciary duty; Count Four alleges a breach of contract; and Count Five alleges a breach of the duty of good faith and fair dealing, as set forth in 42 Pa.C.S. §8371 (Supp. 1996).

## DISCUSSION

Initially, we examine the standard for sustaining preliminary objections in the nature of a demurrer. A demurrer admits all well-pled material facts set forth in the complaint and all reasonable inferences deducible from those facts. *Green v. Mizner,* 692 A.2d 169 (Pa. Super. 1997). Preliminary objections are sustained only when it appears with certainty that no recovery is possible, resolving any doubts in favor of overruling the demurrer. *Id.*

The defendant's first objection is that the plaintiff fails to set forth sufficient facts to establish the existence of a fiduciary relationship or a fiduciary duty on MetLife. A fiduciary or confidential relation is "any relation existing between parties to a transaction wherein one of the parties is bound to act with the utmost good faith for the benefit of the other party and can take no advantage to himself from his acts relating to the interest of the other party." *Brooks v. Conston,* 356 Pa. 69, 76-77, 51 A.2d 684, 688 (1947). This type of relation "is not limited to any particular association of parties but exists wherever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest." *Frowen v. Blank,* 493 Pa. 137, 146, 425 A.2d 412, 417 (1981). If a confidential relation exists, the party seeking to benefit from the transaction

between them must prove that the transaction was "fair, conscientious and beyond the reach of suspicion." *Id.* at 149, 425 A.2d at 418.

Here, the plaintiff alleges that such a relation arose when Agent Tenuta agreed to procure a new life insurance contract for him and that Tenuta would replace the existing policy with a second policy. Agent Tenuta also told the plaintiff he would receive substantially more insurance for a small premium increase. Such statements could reasonably induce reliance on someone as an advisor or counselor and a presumption of action in good faith; hence, this claim is legally sufficient and the preliminary objection must be overruled.

The defendant's second argument is that the plaintiff has failed to state a claim for breach of contract. In order to sustain a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid and binding contract to which the plaintiff and defendant were parties; (2) the contract's essential terms; (3) the plaintiff's compliance with the contract; (4) the defendant's breach of duty; and (5) resulting damages. *Gundlach v. Reinstein,* 924 F. Supp. 684, 688 (E.D. Pa. 1996).

The plaintiff has sufficiently alleged the existence of a contract. In question 12c of his application for insurance, the plaintiff indicates that he does not intend to borrow against, surrender or discontinue existing insurance or annuities with MetLife or any other insurer, and alleges that this application became part of the new insurance policy. This contention is supported by 40 Pa.C.S. §441 (terms of an insurance contract are determined with reference to the policy and the application), and by the integration clause contained in the application which is attached to the plaintiff's complaint.

The plaintiff has also adequately alleged that this contract was breached, and that damages occurred as a result. MetLife requires signed, written authorization from MetLife's president, secretary, or vice president to borrow against an existing contract and written authority for a replacement policy; no such authorization appears of record. Instead, in violation of question 12c of his application, Policy One was used to fund Policy Two, a replacement policy. This transaction was allegedly based on MetLife's misrepresentation of policy terms. These breaches, it is alleged, resulted in economic damages to the plaintiff. Thus, the plaintiff has sufficiently alleged a breach of contract and this objection must also be overruled.

Lastly, the defendants allege legal insufficiency as to the plaintiff's claim of a violation of Pennsylvania's Bad Faith Statute, 42 Pa.C.S. §8371. An examination of the allegations in this count leads us to the conclusion that were we to adopt this interpretation of the bad faith statute, we would be stepping outside of well-established judicial limits with regard to this statute.

The courts of this Commonwealth have consistently held that "bad faith" in the insurance context relates to bad faith denial of claims. *Monticello Insurance Co. v. Spinning Wheels Inc.,* 34 D.&C.4th 141 (1996); see also, *Polselli v. Nationwide Mutual Fire Insurance Co.,* 23 F.3d 747 (3d Cir. 1994); *Klinger v. State Farm Mutual Auto Insurance Co.,* 895 F. Supp. 709, 715 (M.D. Pa. 1995). Further, conclusive interpretations of a statute are acquired from those given to it by the courts of a state. *Turner v. May Corp.,* 285 Pa. Super. 241, 427 A.2d 303 (1981). Judicial construction of a statute becomes part of the legislation from the time it is enacted. *Harry C. Erb Inc. v. Shell Construction Co.,* 206 Pa. Super. 388, 213 A.2d 383 (1965).

Here, the plaintiff has not presented any direct authority for his expansion of the remedies under the statute, and it appears to the court that this proposed remedy does not exist under the statute. Therefore, we must sustain this preliminary objection of the defendants.

Wherefore, we will enter the following order.

### ORDER

And now, December 26, 1997, it is hereby ordered and directed that the preliminary objections of the defendants, Metropolitan Life Insurance Company and Metropolitan Insurance and Annuity Company, as to Counts Two and Four, are denied, and that the preliminary objection of the defendants, Metropolitan Life Insurance Company and Metropolitan Insurance and Annuity Company, as to Count Five, is granted.