J. S91004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

AVON C. QUIERO JR., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. : No. 1174 MDA 2016
:
NICOLAS RIVERA :


Appeal from the Order Entered June 24, 2016,
in the Court of Common Pleas of Lebanon County
Civil Division at No. 2014-00808


BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*


MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED APRIL 06, 2017**

Avon C. Quiero, Jr. appeals the June 24, 2016 order of the Court of Common Pleas of Lebanon County that denied appellant's petition for order of compliance of law.

The factual and procedural history of this matter, as recounted by the trial court ,is as follows:

> In this case, [appellant] has initiated a lawsuit seeking to obtain the return of an $800.00 security deposit he allegedly paid when he rented an apartment.  Unfortunately, [appellant] is now an inmate in a state correctional facility.  Despite efforts made by the Lebanon County Court Administrator, the State Bureau of Corrections refuses to allocate time in its video and telephone conference centers for use by inmates involved in civil litigation.  Because of this, we entered an order on June 7, 2016 staying the above-referenced litigation until

---

* Former Justice specially assigned to the Superior Court.

such time as [appellant] is released from prison. [Appellant] has appealed. . . .

. . . .

The procedural history of this case is complicated. The file contains numerous handwritten letters and motions, most of which were filed by [appellant]. We have sifted through all of the documents in the file and have attempted to create a list of pertinent events. That list is as follows:

- 2/22/13 -- [Appellant] filed a Complaint before the Lebanon County Court of Common Pleas seeking return of an $800.00 security deposit that he alleged was unlawfully withheld by Nicolas Rivera (hereafter [appellee]). No Notice to Plead was included with the Complaint.

- 5/24/13 -- [Appellant's] Complaint was reinstated. Once again, no Notice to Plead was included.

- 9/17/13 -- [Appellant] filed a Motion for Default Judgment and a Rule to Show Cause was entered.

- 9/30/13 -- [Appellee] filed an Answer.

- 2/19/14 -- The Court issued an Order remanding [appellant's] cause of action to a Magisterial District Judge. The Court reasoned that [appellant's] requested relief was within the jurisdictional limit applicable to Magisterial District Judges. In addition, the Court noted that [appellant's] claim involved a landlord-tenant dispute, which is also the type of claim that is traditionally heard by Magisterial District Judges.

- Between 2/19/14 and 5/12/14 -- At some point within this time period, the Magisterial

District Judge conducted a hearing and entered a decision in favor of [appellant] in the amount of $1,600.00. Also at some point during this time frame, [appellee] filed an Appeal of the M.D.J.'s decision. Although we do not have copies of the actual papers issued by the M.D.J., both parties reference the above and we accept that the preceding events occurred.

- 5/12/14 -- [Appellant] filed a Complaint before this Court asking this Court to affirm the decision of the M.D.J.

- 6/5/14 -- [Appellant] simultaneously files a Motion for Summary Judgment and a request for a Writ of Execution.

- 6/24/14 -- [Appellant] files a Motion for Default Judgment.

- 7/2/14 -- [Appellant] files a second Motion for Summary Judgment.

- 7/7/14 -- [Appellant] is notified by the Lebanon County Prothonotary's Office that he must submit an affirmative request that his motions be submitted to the Court for disposition.

- 7/24/14 -- [Appellant] was notified by the Prothonotary's Office that his request for a Writ of Execution was being denied as premature because no judgment had yet been issued.

- 7/31/14 -- This Court enters an Order. The Order noted that [appellant] did not append a Notice to Plead to his Complaint or provide proof that the Complaint had been served upon [appellee]. Because due process was not afforded to [appellee], the Court denied [appellant's] Motion for

Summary Judgment and Motion for Default Judgment.

- 8/8/14 -- [Appellant] files a Notice to Plead that is unaccompanied by any pleading.

- 10/17/14 -- [Appellant's] request for *in forma pauperis* status is denied because he failed to provide pertinent financial information.

- 10/28/14 -- [Appellant's] request for I.F.P. status is granted based upon the financial information that he did present following our 10/17/14 Court Order.

- 11/17/14 -- [Appellant] refiles his Complaint with an accompanying Notice to Plead.

- 12/11/14 -- [Appellant's] Complaint was served upon [appellee].

- 12/15/14 -- [Appellee] files an Answer with New Matter and Counterclaim.

- 12/26/14 -- [Appellant] filed a Reply to [appellee's] New Matter and Counterclaim.

- 1/2/15 -- The Court schedules a status conference.

- 2/26/15 -- The Court presides over a status conference. Both parties participated in the status conference via telephone. As a result of the status conference, we certified the above-referenced matter as ready for a trial "no earlier than 6/10/15." We also established a process by which [appellant] could participate at trial via teleconference.

- Early 2016 -- The Lebanon County Court Administrator attempts to make arrangements with the State Correctional Institution at Dallas for a trial to occur.

> After numerous efforts, the Superintendent of S.C.I. Dallas decided that his institution would not permit its video conference center and telephone conference center to be used for more than 15 minutes for a civil proceeding.
>
> • 6/7/16 -- This Court entered an Order staying the above-referenced case until after [appellant] is released from prison. We entered the Order based upon our inability to arrange a video or telephonic conference with S.C.I. Dallas. We stated: "The Court directs that the above-referenced matter be stayed until the [appellant] is released from incarceration. Once the [appellant] is released from incarceration, leave is granted for him to file a motion to establish a bench trial."
>
> • 6/24/16 -- [Appellant] files a "Petition for Order of Compliance of Law Concerning Escrow Funds." Because we could not conduct a factual hearing due to [appellant's] incarceration, we denied [appellant's] Petition.
>
> • 7/11/16 – [Appellant] files an Appeal from our Order dated June 24, 2016.
>
> In his Statement of Errors Complained of on Appeal, [appellant] alleges that our decision to stay the above-referenced case was error. He also challenges a decision we made to refuse his request to require [appellee] to pay into escrow the sum of $1,600.00.

Trial court opinion, 8/16/16 at 2-5.

On appeal to this court, appellant raises the following issues for this court's review:

Does the stay order violate [appellant's] constitutionally protected right to access to courts?

Is the lower Court's refusal to enforce [68] P.S. [§] 250-511(b)(c) an abuse of discretion and violation of plaintiff's due process rights?

Appellant's brief at 2-3.

Before addressing the merits of appellant's argument, this court must determine whether it has jurisdiction to hear the appeal.

> Despite the fact that neither side questions the jurisdiction of this Court to dispose of the present controversy, we are not precluded from reaching the appealability of the lower court's order **sua sponte**, **Turner v. May Corp.**, 427 A.2d 203 (Pa.Super. 1981), for it is axiomatic that neither silence nor agreement of the parties can confer jurisdiction where it otherwise would not be. **T.C.R. Realty, Inc. v. Cox**, 372 A.2d 721 (Pa. 1977).

> The appellate court's jurisdiction is defined by statute, i.e., 42 Pa.C.S.A. § 742, which grants this Court "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . ."

> In deciding if the order appealed is final or not, we are guided by the decision of **Philco Corp. v. Sunstein**, 429 Pa. 606, 241 A.2d 108 (1968), wherein the court held:

>> "Whether or not a stay order should be considered final for appeal purposes depends to a large extent upon the practical effect and impact the stay order might have on the relief requested by the litigants. If the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be

> afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.
>
> Therefore, a consideration of the practical effects of the stay order on appellant's cause of action is an essential prerequisite in determining whether the order appealed from is interlocutory." (Footnote omitted). *Id.* at 608-610, 241 A.2d at 109-110.

*Opperman v. Opperman*, 443 A.2d 313, 315 (Pa.Super. 1982).

Here, the trial court stayed the proceedings because the state correctional institution where appellant was housed did not permit him to appear in court, even by electronic means. While the stay postpones resolution of the action between appellant and appellee for an indeterminate time as it is not known whether appellant will be paroled before the expiration of his sentence, the stay does not amount to a dismissal of appellant's cause of action or, essentially, a permanent denial of the relief requested. The stay order here is interlocutory and not a final appealable order.

Accordingly, the appeal is quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017

- 7 -