415 A.2d 36

MOBIL OIL CORPORATION

v.

NORTHWESTERN AGENCY, INC., and Kenny
Ross Chevrolet, Inc.

**Appeal of O. J. E. REALTY.**

Supreme Court of Pennsylvania.

Argued March 11, 1980.

Decided May 30, 1980.

Francis J. Carey, Balzarini, Walsh & Maurizi, Pittsburgh, for appellant.

Stephen Israel, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appeal dismissed as improvidently granted.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. Appellant, O. J. E. Realty, owns a parcel of real estate at 1013–1015 Western Avenue in Pittsburgh's North Side. The Northwestern Agency, Inc., was the owner of adjacent property at 1009–1011 Western Avenue.

Northwestern became indebted to the Mobil Oil Company sometime in 1974–75. Eventually, this indebtedness led to a sheriff's sale of the property at 1009–1011 Western Avenue on January 5, 1975. The purchaser was appellee, James Pivirotto.[1] Prior to that date, the impending sheriff's sale was advertised and the property posted, as required by Pa.R.Civ.Pro. 3129.

Rule 3129 provides, in relevant part:

"(a) Notice of the sale of real property shall be given by the sheriff by handbills posted in the sheriff's office and upon the property at least ten (10) days prior to sale, briefly describing the property to be sold, its location, the improvements, if any, the judgment of the court on which sale is being held, the name of the owner or reputed owner the time and place of sale.

"(b) Notice as provided in Subdivision (a) shall also be given by publication by the sheriff once a week for three (3) successive weeks in a newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one (21) days before the date of sale.

---

1. Although Mobile Oil Company, Northwestern Agency, Inc., and Kenny Ross Chevrolet, Inc. are captioned parties in this case, they have no active participation in the appeal.

"(c) The notice of sale provided in Subdivisions (a) and (b) *shall include a notice directed to all parties in interest and claimants* that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty (30) days after sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten (10) days thereafter. No further notice of the filing of the schedule of distribution need be given." (emphasis added)

.    .    .    .    .

However, the advertisement and the posting designated the wrong property—the location was listed at 1109–1111 Western Avenue instead of 1009–1011.

On February 13, 1975, appellant filed a petition to set aside the sheriff's sale. A hearing was held before the Court of Common Pleas of Allegheny County on November 29, 1977 which Court denied the petition, finding that appellant was not a party in interest and that appellant, therefore, lacked the requisite standing to challenge the validity of the sheriff's sale. The Superior Court affirmed the denial by *Per Curiam* order and this Court granted appellant's petition for allowance of appeal. A majority of this Court now dismisses the appeal as improvidently granted.

The public at large has an interest in property to be sold at a sheriff sale. Why else do the public notice requirements exist? If that notice is substantially defective, as is undeniably the case here, then the public is unfairly deprived of the opportunity to purchase the object of the sheriff's sale and, consequently, should be able to attack that sale.

I believe Rule 3129 implicitly recognizes the aggrieved member of the public at large as a party in interest in such matters. Subsection (c) expressly provides individual notice shall be given to known claimants and parties in interest. It seems clear to me that the public notice provisions are intended *inter alia* to notify unknown and potential purchasers and that such purchasers have a sufficient interest in the impending sale to challenge its validity. I would overrule

the cases to the contrary insofar as they are inconsistent with this view.