441 A.2d 1293

**COMMONWEALTH of Pennsylvania**

v.

**Lewis K. BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 19, 1982.

Petition for Allowance of Appeal Denied June 4, 1982.

Alan Ellis, State College, for appellant.

C. Joseph Rehkamp, District Attorney, New Bloomfield, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This is an appeal from the Order of Forfeiture dated February 14, 1980, denying Appellant's Application for Return of Property.

The issue involves whether the lower court erred in determining that the sum of one thousand two hundred fifty dollars ($1,250) seized from Appellant's bedroom was, in fact, contraband and therefore not returnable.[1]

Appellant was arrested on May 8, 1979, and charged with a total of twenty-two counts. On May 21, 1979, Appellant assigned all rights in the said monies to his attorney. On August 27, 1979, Appellant pled guilty to fourteen counts of unlawful delivery[2] and two counts of possession with intent to deliver[3] a controlled substance, three counts of criminal conspiracy[4] and two counts of criminal attempt.[5]

At a hearing on January 17, 1980, pursuant to Appellant's Application for Return of Property, it was stipulated that:

1. Appellant has also raised the issue of whether the monies were returnable as fruits of an illegal search and seizure. However, because Appellant pled guilty, he has waived all nonjurisdictional defects and defenses. *See Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979). This holds true despite Appellant's claim that his general reservation of right to file for the return of the monies preserved his right to argue the issue of illegal search and seizure.

2. 35 P.S. § 780–113(a)(30).

3. *Id.*

4. 18 Pa.C.S.A. § 903.

5. 18 Pa.C.S.A. § 901.

(1) monies were found in a suitcase containing various illegal drugs, (2) that a State Trooper would testify that he observed Appellant place the proceeds of drug sales in a pouch at various times, which then was placed in the suitcase, (3) that these proceeds were not necessarily those *particular* monies, and (4) that Appellant stated, after his arrest, that the monies were "front money", advanced to Appellant in order to purchase drugs.

Rule 324, Pa.R.Crim.P., states:

*Rule 324. Motion for Return of Property*

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue or fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this rule.

Before the merits of the instant case can be discussed, we must determine the effect of appellant's assignment of his rights in the monies to his attorney. Assignment is defined as "[a] transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." Black's Law Dictionary (5th ed. 1979). *Accord, Melnick v. Pennsylvania Co. For Banking and Trusts*, 180 Pa.Super.Ct. 441, 119 A.2d 825 (1956).

The record clearly indicates that Appellant assigned any rights he may have had in the monies to his attorney in consideration of legal fees.

Since Appellant no longer has any rights in the monies, by virtue of the transfer, he cannot seek return of the property.

404

*Cf.* Pa.R.C.P. 2002; *Wilcox v. Regester,* 417 Pa. 475, 207 A.2d 817 (1965).

The order dated February 14, 1980 is affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I must dissent. The appeal should be *dismissed* because appellant has no standing to recover monies assigned to his attorney under our rules of criminal procedure. See *Mobil Oil Corp. v. Northwestern Agency, Inc.,* 490 Pa. 68, 415 A.2d 36 (1980). The majority *affirms* the order of the court below despite its conclusion that appellant "cannot seek return of the property." Slip Opinion at 1295. The court below, however, resolved the case on the merits. Although the majority does not say so explicitly, the effect of its decision is to deny appellant *standing* to prosecute the instant appeal. Such a posture by the majority is inconsistent with its affirmance of the order entered by the court below. Hence, because this writer is of the view that the appropriate mandate would be for this Court to quash the appeal since appellant has no appealable interest, I cannot join the majority. See *Wheatcroft v. Auritt,* 226 Pa.Super. 118, 128, 312 A.2d 441, 447 (1973).