Cohen, Appellant, *v.* Schofield et al.

Argued February 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*B. I. DeYoung,* with him *Nochem S. Winnet* and *Daniel G. Murphy,* for appellants.—Equity has jurisdiction to restrain police authorities from interfering with a lawful business and invading the constitutional rights of citizens.

*G. Coe Farrier,* Assistant City Solicitor, and *John A. Boyle,* with them *Augustus Trask Ashton,* City Solicitor, for appellees.—A court of equity has no jurisdiction to restrain police authorities from enforcing the provisions of the Acts of March 27, 1923, P. L. 34, and February 19, 1926, P. L. 16, when acting on information and belief that the law is being violated.

Courts in equity in Pennsylvania are forbidden to take from officers of the law the possession of alcoholic liquids by section 21 of the Act of February 19, 1926, P. L. 16.

The remedies of the appellants are exclusively in the quarter sessions.

OPINION BY MR. JUSTICE FRAZER, March 17, 1930:

The four bills in this litigation are based substantially on the same grounds and have a like import and purpose: viz.: to enjoin the police authorities of the City of Philadelphia from interfering with plaintiffs in

conductiong their respective manufacturing plants, praying for the return of property seized by the police and that further seizures be restrained. The bill in each case was dismissed by the court below and these appeals followed. The four appeals will be considered and disposed of in one opinion.

Plaintiffs allege in their several bills that they are manufacturers of toilet waters, perfumes and a kindred line of commercial preparations, from formulas requiring an extensive use of denatured alcohol. The seizure particularly specified was the taking possession by the police of about 2,000 gallons of perfume, prepared by one of plaintiffs, while being transported in a truck on a public street in the City of Philadelphia. The seizure was made on the grounds that the perfume comprising the shipment was not manufactured in accordance with the federal permit, admittedly held by the manufacturer of the perfume, but was so differently prepared as to permit of being readily converted, by distillation or other simple process, into alcoholic liquor, fit for beverage purposes, the manufacture and sale of which are unlawful under the provisions of the Act of March 27, 1923, P. L. 34, known as the Snyder Act, and the supplement thereto of February 19, 1926, P. L. 16. Plaintiffs claim the property seized was manufactured in strict conformity with the government permit, properly in their possession, and was not consequently liable to seizure nor their plants subject to police surveillance. That plaintiff held a proper permit and the seizure was made without warrant are admitted. By consent of the parties all testimony was heard in the case of the seizure specified and the trial treated as a final hearing covering the bills filed. The trial judge in an opinion granted the injunction against defendants and a decree nisi was entered restraining defendants from surveillance of the business of plaintiffs and directing a return of the liquor seized. Subsequently a majority of the court in banc sustained exceptions of defendants and held the court

below was without jurisdiction in equity to issue an injunction restraining officers of the law from enforcing the provisions of the Acts of 1923 and 1926, because under the provisions of the Snyder Act appellants have a complete remedy at law in the court of quarter sessions and that by the Act of 1926, supplementary to the Snyder Act, no jurisdiction exists in a court of equity to compel by injunctive process an officer of the law to surrender possession of seized alcoholic liquors. In reaching their decision the court in banc deemed it unnecessary to detail consideration of the merits of the questions involved.

If appellants here have an express statutory remedy at law, the decision of the court below is in direct accord with the principle, unwaveringly adhered to in this jurisdiction from early days, as set forth succinctly in Turnpike v. Martin, 12 Pa. 361, 362, that "where a statute confers a new power or right, and provides a particular mode by which it may be vindicated, no other remedy than that afforded by the statute can be enforced."

The record here reveals that, for some time previous to the seizure of the perfume in question, plaintiff's plant had been under close surveillance by prohibition agents, who reported to the police authorities of Philadelphia that alcohol stored in the property was disappearing in large quantities and that a truck load shipment was about to be made. The shipment by truck was made, the seizure above referred to followed and surveillance over the place of manufacture was instituted. The liquor was subsequently delivered, under authorization of the Snyder Law, into the custody of the district attorney of Philadelphia County.

The bills of complaint and answers thereto were filed in May, 1929, and in June, 1929, proceedings for condemnation of the seized truck and merchandise were instituted, under provisions of the Snyder Act, by the district attorney, which action is now pending. Meanwhile

the court below proceeded with the pending equity cases. Early in the trial of those cases, counsel for defendants challenged the jurisdiction of equity, contending that an adequate and exclusive remedy at law was given plaintiffs under the provisions of the Snyder Act, by petition in the court of quarter sessions. The objection was overruled by the trial judge and an exception granted.

The questions for determination here arise wholly under a law of this Commonwealth, not under any federal statute. "Each state, as also congress," said Chief Justice TAFT in U. S. v. Lanza, 260 U. S. 377, "may exercise an independent judgment in selecting and shaping measures to enforce prohibition. Such as are adopted by congress become laws of the United States and such as are adopted by a state become the laws of that state." It is clear that the legislature in enacting the Snyder Act of 1923 clothed, by express terms, as it had a right to do, one judicial tribunal, the court of quarter sessions of the peace, with exclusive jurisdiction over the trial of persons charged with violations of the act, the imposition of penalties upon conviction, the seizure and disposition of all property seized by authorized officers of the law, the approval of required bonds and other matters arising under the statute. There is but one resort to equity provided. Under section 7, injunction proceeding may be had to retain in the possession and under the control of the law, seized intoxicating liquors and the premises whereon they are found, such liquors and places, under section 6 constituting common nuisances, the places or buildings to be closed for a period of one year. But that is a proceeding only within the reach of the Commonwealth and has no application in the present appeals.

In Com. ex rel. v. Keister, 289 Pa. 225, 228, where it was a question as to whether the district attorney had the right under the Snyder Act, to temporarily retain possession of grape juice, admitted to be an intoxicating

beverage for use as evidence at petitioner's trial, we said: "The law for the disposition of this question is found within the provisions of the act in question." In equal controlling extent does the same law provide for disposition of the case under discussion here, and, also, while it provides the law, it provides the remedy.

It seems unnecessary to do more than point out that the entire intent and direction of the Snyder Act combine to distinctly place all violations of its provisions and resulting trials within the exclusive jurisdiction of the court of quarter sessions. What is really to be determined here at present is whether or not the seized property of plaintiff shall be forfeited and condemned; and a proceeding for that purpose is now pending in the court of quarter sessions, instituted by the district attorney, having custody of the goods. Section 11, subsection D(I) of the Act of 1923, directs: "The proceedings for the forfeiture or condemnation of all property, the destruction or sale of which is provided for in subsections (II) and (III) of clause (B) of this section, shall be in rem in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of quarter sessions of the peace, verified by oath or affirmation of any officer or citizen,......and a prayer for an order of forfeiture—that the same be adjudged forfeited to the Commonwealth and condemned and be ordered sold or destroyed (as the case may be) according to law—unless cause be shown to the contrary"; and the act in various other sections directs modes of procedure to be followed in the quarter sessions.

Undoubtedly, in the course of the trial already instituted by the district attorney, plaintiffs will have ample and free opportunity to show and to prove, if possible, that the seized perfume was prepared in full conformity with the federal permit and that the remaining property over which the police authorities maintain surveillance is equally free from the taint of illegality. In the

event of such proof, his seized preparation must be returned to him and the surveillance ended. His remedy accordingly lies where the Snyder Act of 1923 places it, —within the exclusive jurisdiction of the court of quarter sessions. Where a remedy for a particular wrong or injury has been provided by statute, the general rule is that no relief in equity can be afforded in such case by injunction: 32 C. J. 65. We have adhered to that well established rule in a number of cases, among them Com. v. Exler, 243 Pa. 155, 163, where it is said: "The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or the mode of procedure or anything else of that sort, only that which the statute provides can be followed"; and see Edgett v. Douglass, 144 Pa. 95; Mahoning & Shenango Ry. & Light Co. v. New Castle, 233 Pa. 413. The doctrine was sustained with particular emphasis in Drove Yard Co.'s App., 123 Pa. 250, 252, where this court said: "We agree [with the court below] that the bill should be dismissed; not upon the merits, however, for we have not considered them, but upon the single ground of want of jurisdiction. It is true the defendants did not demur, as they might have done, nor have they raised the objection here. We may regard them as consenting to the jurisdiction. We do not consent, however. If we let it pass, it may mislead others and be cited to us as a precedent. ......
There is not only an adequate remedy at law for this, but there is a specific remedy given by statute." Assume here that the legal rights of plaintiffs are being infringed; if that is true, they must enforce them by the proper proceedings at law, and, if they can do so, undoubtedly their rights will be protected: Weiss v. Herlihy, 83 N. Y. Sup. 81, 86.

Our conclusion answers the substantial questions as to the matter of jurisdiction offered in the statements of questions involved, presented by counsel for the respective parties; and since we have not considered the merits of the case in reaching our conclusion, most of appel-

lants' assignments of error do not require attention; and the first of the assignments, being directed against the final decree of the court below, and also assignments 28, 49 and 50, relating to the question of jurisdiction, are overruled.

The decree of the court below in each case dismissing plaintiffs' bill is affirmed at appellants' costs.