431 A.2d 357

**COMMONWEALTH of Pennsylvania,**

v.

**Albert E. LEWIS, III, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 4, 1981.

Filed June 12, 1981.

David B. Keeffe, Sayre, for appellant.

Leonard J. Frawley, Jr., Assistant District Attorney, Towanda, for Commonwealth, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from the lower court's Order denying appellant's petition, filed pursuant to Pa.R.Crim.P. 324,[1] for

1. Rule 324 provides:

"Motion for Return of Property

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this rule.

Comment: A motion for the return of property should not be confused with a motion for the suppression of evidence, governed by Rule 323. However, if the time and effect of a motion brought under the instant rule would be, in the view of the judge hearing the motion, substantially the same as a motion for suppression of

the return of property alleged to be in the possession of the police as a result of a seizure under an invalid search warrant. We do not reach the merits of the issue raised. The Order appealed from is interlocutory, and the appeal, therefore, must be quashed.

A recital of the procedural history of the case is pertinent to an understanding of the ruling made. On June 30, 1980, Trooper Thomas Baggott secured a warrant to search appellant's place of business ("LEWIS AUTO BODY & GARAGE"). The warrant pertained to violations concerning: Commercial Bribery, 18 Pa.C.S.A. § 4108; Tampering With Records, 18 Pa.C.S.A. § 4104; and Receiving Stolen Property (Vehicles), 18 Pa.C.S.A. § 3925.[2] Searches were conducted by the police on July 1 and 14, 1980, at which time the authorities confiscated various items.[3] The appellant, hav-

evidence, he may dispose of the motion in accordance with Rule 323."

It is interesting to note that the lower court was unable to discern the exact nature of the hearing to be conducted, i. e., whether it was to deal solely with the motion for the return of property or the suppression of evidence, or both. (N.T. 7/18/80, at 3, 4 & 6) The Commonwealth's Attorney agreed, and remarked that he "ha[d]n't yet determined the exact nature of [the] day's proceedings." (N.T. 7/18/80, p. 6) The appellant, on the other hand, considered the return of his property to be "the only thing that's ever been at issue." (N.T. 7/23/80, p. 8)

2. In the section of the warrant specifying the statute violated, the affiant also stated that the bookkeeper-secretary (Miss Van Dokkenburg) informed him that the appellant "had picked up waste products from Packaging Supplies Corporation, Orangebury, New York, and had illegally dumped the barrels in Pennsylvania." (Search Warrant dated 6/30/80) Since the Commonwealth has not filed charges based on the preceding allegations of impropriety, it is mentioned purely as factual background.

3. The Receipt/Inventory sheet filed by Trooper Baggott on July 1, 1980, listed the following items as being seized:
   a) Peterbuilt Truck Tractor
   b) Trailer
   c) Box of Papers
   d) Scrial Plate
   e) Box of Papers and Records
   f) Two Ledgers
   g) Box of Papers and Ledgers
   h) Truck Tractor

ing not been charged with any criminal offense at the time, filed a complaint in the civil division of the Bradford County Court of Common Pleas requesting the return of his property. The complaint was dismissed by the equity court on the ground that the proper forum to seek the relief requested was in the criminal division.[4] The appellant filed such a petition and averred therein that the items taken were done so by means of an improperly drawn and executed warrant. (See Appellant's "Amended Petition," Record No. 12) Hearings were held on July 18, 23, 24, 28 and 29, 1980; at the conclusion of the proceedings, an Order dismissing the petition was issued.[5] This appeal followed.

At the outset we must decide whether this Court has the authority to hear this appeal. Albeit neither party has

    i) Three File Cabinets
    j) Vehicle Identification Number Plate and Body Plate
    k) Mack Truck Cap, Serial # FS 753LST–11999
The July 14, 1980 Receipt/Inventory sheet listed a "Ford Motor & Transmission # 7E519363" as being taken.

**4.** For the sake of clarification, we note that the appellant should have commenced his cause of action in the criminal division of the Court of Common Pleas of Bradford County. On this point, i. e., which forum is the most appropriate to seek return of one's property when no "criminal proceedings" have been commenced, we have specifically stated that "there is an adequate remedy at law in our Rules of Criminal Procedure and therefore it [is] not necessary for plaintiffs to invoke equity's jurisdiction." *Marcus v. Diulus*, 242 Pa.Super. 151, 161, 363 A.2d 1205, 1210 (1976). Further, "Pa.R.Crim.P. 324 clearly offers a remedy to non-defendants when they are aggrieved by an illegal search and seizure," *id.*; the reason being, "we interpret the Rules of Criminal Procedure to apply to *all criminal proceedings even though an accused has not been formally charged with a crime by a complaint or an indictment*." (Emphasis added) *Id.*, 242 Pa.Super. at 162, 363 A.2d at 1211; *see also Cohen v. Schofield*, 299 Pa. 496, 149 A. 712 (1930); *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976); *Donaldson v. Askey*, 13 Pa.D. & C.3d 688, 691 n.* (1979).

**5.** In the August 4, 1980 Order, the court also noted that it "ha[d] th[at] day become aware that criminal charges ha[d] been filed against Albert E. Lewis, III." (Record No. 8) A review of the record reveals that a criminal complaint was issued against the appellant, he was arrested and bail was set ($25,000) on July 30, 1980. (Record Nos. 18 & 19) Further, the record discloses that the appellant waived his right to a preliminary hearing on August 15, 1980. (Record No. 18)

specifically raised the question of jurisdiction, "it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction." *Marcus v. Diulus*, 242 Pa.Super. 151, 157, 363 A.2d 1205, 1208 (1976) (citation omitted); *accord Turner v. May Corp.*, 285 Pa.Super. 241, 245 & n.2, 427 A.2d 203, 204 & n.2 (1981); *see also Cohen v. Schofield*, 299 Pa. 496, 502, 149 A. 710, 712 (1930). The appellate court's jurisdiction is defined by statute, *viz.*, 42 Pa.C.S.A. § 742 (Purdon's 1981), which grants this Court:

"exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." (Emphasis added)

Instantly, the appellant asserts that the Order denying his motion for return of property is a "final order" within the meaning of Section 742. (Appellant's Brief, at 1) We do not agree.[6]

Our Supreme Court, speaking on the finality requirement, has indicated:

"Whether an order is final and appealable cannot necessarily be ascertained from the face of the decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. [Moreover,] ... follow[ing] the reasoning of the United States Supreme Court[,] ... a finding of finality must be the result of a practical rather than a technical construction. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949)." (Footnote omitted) *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975).

**6.** Bear in mind that the burden is upon the appellant to satisfy the Court that it has jurisdiction over the appeal. *See Commonwealth v. Saunders*, 483 Pa. 29, 394 A.2d 522 (1978). *Accord Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 612 n. 28, 99 S.Ct. 1905, 1913 n. 28, 60 L.Ed.2d 508 (1979).

Under the preceding standard, an order denying a motion to suppress has been interpreted to be interlocutory—the rationale being that such a ruling is merely a step in the criminal process and any rights involved therein are adequately protected in subsequent trial proceedings. *See Commonwealth v. Washington*, 428 Pa. 131, 134, 236 A.2d 772, 774 (1968). In addition, the accused is afforded an opportunity to secure an appellate evaluation of the propriety and admissibility of the evidence in the event of conviction. *Id.; Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

As for the appealability of an order denying a motion for the return of property, entered prior to the issuance of a complaint, indictment or information, the case of *Commonwealth v. Rich*, 174 Pa.Super. 174, 100 A.2d 144 (1953), cert. denied, 347 U.S. 966, 74 S.Ct. 777, 98 L.Ed. 1108 (1954), is illuminating. In *Rich*, the authorities seized, *inter alia*, gambling paraphernalia in a raid personally conducted by the district attorney under a search warrant issued by an alderman to a county detective. Before being indicted, the appellant petitioned for the return of his property and for a rule on the Commonwealth to show cause why it should not be returned. A hearing was held and legal arguments presented; thereafter, the lower court dismissed the petition and refused the issuance of a rule. At trial, over appellant's objection, the articles were admitted into evidence and a verdict of guilty was rendered. On appeal, in affirming the judgment of sentence, we reached the merits of the lower court's ruling denying appellant's petition, which rested in part on appellant's failure to appeal the lower court's refusal to grant the rule to show cause. We held:

"The case is one of first impression in Pennsylvania but the controlling principle is firmly established. *Orders refusing a rule or denying the return of seized property are interlocutory, and an appeal from them would be quashed. 'Orders made during the pendency of a criminal action denying motions to vacate a search warrant, suppress evidence illegally obtained, or obtain the return of such property, are interlocutory and not appealable.'* 24 C.J.S. Criminal Law, § 1644. C.J.S. also states, ibid:

'However, the denial of such an application is appealable where the application has the character of an independent proceeding, rather than a step in the trial of the criminal case, as where the application is made by a stranger to the litigation, or is made prior to the return of an indictment or information.' *But this latter rule is derived from Weeks v. U. S., 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 [(1914)], which is not followed in Pennsylvania and has indeed been expressly repudiated by our Supreme Court and this Court. Com[monwealth] v. Dabbierio, 290 Pa. 174, 138 A. 679 [(1927)]; Com[monwealth] v. Greco, 166 Pa.Super. 133, 70 A.2d 413 [(1950)]; See Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 [(1949)], where the United States Supreme Court acknowledged that Pennsylvania does not follow the Weeks case.*" (Emphasis added in part) (Footnote omitted) *Id.,* 174 Pa.Super. at 178, 100 A.2d at 146–47. *See generally* Annot: Right To Recover Property Held By Public Authorities As Evidence For Use In A Criminal Case, 13 A.L.R. 1168 (1921).

Under the clear language of *Rich,* the appellant's appeal from the lower court's Order denying the return of seized property is interlocutory and, therefore, is to be quashed.[7] Concomitantly, the fact that a complaint was issued (on July 30, 1980)[8] prior to the lower court's Order (on August 14, 1980) denying appellant's motion makes the appeal no less interlocutory. *Id.; see also Parrish v. United States,* 376 F.2d 601, 603 (4th Cir. 1967); *cf. DiBella v. United States,* 369 U.S. 121, 131–33, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962)

7. However, an order requiring officers to return seized property that results in the termination of the case is considered a final judgment from which the prosecution may appeal. *Commonwealth v. Rich,* 174 Pa.Super. 174, 100 A.2d 144 (1953), cert. denied, 347 U.S. 966, 74 S.Ct. 777, 98 L.Ed. 1108 (1954); *Commonwealth v. Bruno,* 176 Pa.Super. 115, 106 A.2d 905 (1954).

8. The charges that have been filed are based on the evidence seized by the Commonwealth in its July 1, 1980 warranted search of appellant's business, *viz.:* Three (3) counts of Receiving Stolen Property (18 Pa.C.S.A. § 3925); Tampering With Records or Identification (18 Pa.C.S.A. § 4104); Dealing in Vehicles With Removed or Falsified Numbers (75 Pa.C.S.A. § 7103); and Dealing in Title and Plates for Stolen Vehicles (75 Pa.C.S.A. § 7111).

(a lower court's order denying a pretrial motion is appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant. . . ."); *United States v. Premises Known As 608 Taylor Ave.*, 584 F.2d 1297 (3d Cir. 1978) (semble); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975) (semble).

Thus, given the criminal prosecution *in esse* against the appellant, we conclude that the "practical ramifications" of the lower court's order is not " 'one which ends the litigation, or alternatively disposes of the entire case.' " *Turner v. May Corp., supra*, 285 Pa.Super. at 245, 427 A.2d at 205, quoting *T. C. R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). Since the appellant has the opportunity to secure relief from the court below, in the form of pre-trial motions and/or post-trial motions if conviction occurs, and if unsuccessful a review by this Court exists, our holding avoids "piecemeal" litigation. *See Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977); *United States v. Garner*, 632 F.2d 758 (9th Cir. 1980). Further, the instant case presents no exceptional circumstances, jurisdictional issue or statutory authorization for an appeal from the interlocutory order entered herein. *Commonwealth v. Schroeck*, 273 Pa.Super. 386, 417 A.2d 702 (1980). The appeal, therefore, must be quashed.

Appeal quashed.