## Curro v. Commonwealth

*Stephen J. Devine,* for plaintiff.
*Carl Vaccaro, deputy attorney general,* for the Commonwealth.
*Barry W. Van Rensler,* for Richard Oerner.

KELLY, *J.*, March 4, 1985 — On July 28, 1982, petitioner, John V. Curro, filed with this court a petition for return of property under Pa.R.Crim.P. 324. The petition was for the return of a John Deere Model 400 D tractor that had been seized by the Pennsylvania State Police. A hearing on this petition was set for August 9, 1982. At that time an assistant district attorney, representing the Commonwealth in this petition, told the court that he was not opposing the petition because after investigation it was determined that the Commonwealth could not prove by a preponderance of the evidence that this tractor was derivative contraband or contraband per se. On August 9, 1982, the court issued an order directing that the tractor be returned to petitioner. This was not done. In 1984, petitioner filed a petition to have the Commonwealth, the state police, and the person storing the tractor for the Commonwealth held in contempt for failing to return the tractor. A hearing on the petition was held September 28, 1984, at which the Commonwealth had the opportunity to present any evidence that it may have had for not complying with the court's previous order. The attorney representing the Commonwealth declined to do so. The court then ordered the Commonwealth to return the tractor to petitioner or it would face sanctions for contempt. In October 3, 1984, the Commonwealth appealed from this order of the court to the Commonwealth Court.

It should be noted that on February 10, 1983, petitioner filed an action in trespass for the value of the tractor. The trespass action was not a proper means to secure the return of the tractor. The proper procedure to obtain return of the tractor was the Rule 324 action that had already been started. Commonwealth v. Lewis, 288 Pa. Super. 198, 431 A.2d

357, 358 (1981); Marcus v. Diulus, 242 Pa. Super. 151, 162, 363 A.2d 1205, 1211 (1976).

The first contentions raised in the Commonwealth's statement of matters complained of on appeal are that this court was without jurisdiction over the state police and that the order of August 9, 1982, was without effect because the state police had no notice of the proceedings.

It is undisputed that petitioner properly filed his petition for return of property under the rules of criminal procedure. It is apparently the position of the Office of the Attorney General, which is now representing the Commonwealth, that whenever a person files a petition for return of property under the rules of criminal procedure and that property is in the possession of the state police petitioner must serve the attorney general rather than the district attorney.

The Commonwealth Attorneys Act states that the district attorney is the "chief law enforcement officer for the county in which he is elected." 71 P.S. §732-206(a). 16 P.S. §1402(a) states:

"The district attorney shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth, or, when the Commonwealth is a party, which arise in the county for which he is elected . . . ." In Commonwealth ex rel Spector v. Bauer, 437 Pa. 37, 261 A.2d 573 575 (1970), the Supreme Court interpreted this section in a case arising out of a dispute between the Philadelphia City Solicitor and the district attorney over who would defend in federal court in an action challenging the constitutionality of a state statute. The court stated: "If this statute means anything at all, it means that district attorneys in this Commonwealth have the power — and the duty —

to represent the Commonwealth's interests in the enforcement of its criminal laws."

Thus, if the action for return of property under the rules of criminal procedure is considered a criminal action then the district attorney should represent the interests of the Commonwealth, and the Commonwealth had a duty to comply with the court's order of August 9, 1982, since it did have notice and was represented. It is only if this action is considered to be civil in nature that the attorney general would represent the Commonwealth under the Commonwealth Attorneys Act.

The first reason for holding that this action is criminal in nature is that it is filed under the rules of criminal procedure.

It would also seem an anomalous and unsatisfactory result to hold that for each of the rules of criminal procedure the Commonwealth was to be represented by the district attorney except for Rule 324. The question would then arise as to whether the district attorney or municipal solicitors should defend Rule 324 actions when the property sought was in the possession of a municipal police department.

It is also in accord with Pennsylvania Appellate Court precedent to hold that a Rule 324 action is criminal rather than civil in nature.

In Commonwealth v. Lewis, 288 Pa. Super. 198, 431 A.2d 357, 358 fn. 4 (1981) the court stated that even when a person who has not been charged with any crime petitions for return of property that has been seized by the Commonwealth "criminal proceedings" have commenced, citing Marcus v. Diulus, 242 Pa. Super. 151, 162, 363 A.2d 1205, 1211 (1976). See also, Commonwealth v. Fassnacht, 246 Pa. Super. 42, 369 A.2d 800, 802, (1977) (Petition for return of property under Rule

324 "more criminal than civil.") Thus, although the burden of proof on the Commonwealth in cases under Rule 324 is "preponderance of the evidence" rather than "beyond a reasonable doubt" we hold that these cases are criminal in nature and the Commonwealth's interests may be represented by the district attorney.* See Commonwealth v. Landy, 240 Pa. Super. 458, 362 A.2d 999, 1004-05 (1976).

The court also notes that there have been numerous cases reported involving petitions for return of property in the possession of state police in which the Commonwealth has been represented by a district attorney. Some examples are Commonwealth v. Baker, 295 Pa. Super. 401, 441 A.2d 1293 (1982); Commonwealth v. Everett, 290 Pa. Super. 344, 434 A.2d 785 (1981); Commonwealth v. Lewis, supra; Commonwealth v. Frankhouser, 275 Pa. Super. 604, 423 A.2d 1315 (1979).

Therefore, this court holds that service on the district attorney is sufficient service on the Commonwealth under Pa.R.Crim.P. 324 and the Commonwealth was bound by the court's order of August 9, 1982, and had an obligation to present any evidence it had excusing itself from this obligation at the hearing on September 28, 1984.

In its statement of matters complained of on appeal the Commonwealth states that the court erred in holding that the order of August 9, 1982, be enforced because the tractor was not in compliance with the Motor Vehicle Code. If that were the case, the Commonwealth could have shown that at the hearing of September 28, 1984, to excuse its failure

---

*For similar reasons it may be that the Commonwealth has appealed this case improperly and should have filed its appeal in the Superior Court.

to obey the court's order. Since the Commonwealth failed to use the opportunity it was afforded to put any such evidence on the record it cannot now complain of the court's action.