681 A.2d 1345

**Kenneth Eldon STAKE, Appellant,**

**v.**

**Robert E. METZGER, Trading and Doing Business as Red Horse Auto Repair, Appellee.**

Superior Court of Pennsylvania.

Argued May 7, 1996.

Filed July 10, 1996.

Charles A. Rector, Lemoyne, for appellant.

Michael J. Toms, Waynesboro, for appellee.

Before POPOVICH, SAYLOR and EAKIN, JJ.

POPOVICH, Judge.

This is an appeal from the civil judgment of the Court of Common Pleas of Franklin County awarding the sum of $1,633.86 to appellee, Michael Clarkson. Appellant, Kenneth Stake, challenges the trial court's jurisdiction to award a monetary judgment in response to appellee's criminal motion for return of property in this civil proceeding. Upon review, we find that the trial court improperly entertained a criminal motion and awarded a judgment not authorized pursuant to appellee's motion for return of property. Accordingly, we reverse the trial court's monetary judgment in favor of appellee.

The factual history of this case is as follows: Roger McLucas and Robert E. Metzger removed $370,000 in cash belonging to appellant from his mother-in-law's residence without lawful authority. A portion of this money was used to purchase various vehicles, including a racing car worth approximately $25,000. Appellee was an employee at Red Horse Auto Repair, a business owned by Mr. Metzger. Appellee agreed to perform services on the race car for his employer in return for an ownership interest in the car and a share of any profits which the car might yield. Appellee alleged that he installed automobile parts in the amount of $1,633.86 into the race car. Appellee was not aware that the race car was purchased with stolen money.

The Pennsylvania State Police brought criminal charges against Mr. Metzger and Mr. McLucas in 1994. Mr. McLucas pleaded guilty to theft charges and the charges are still pending against Mr. Metzger. Pursuant to these criminal charges, the State Police seized the race car. Thereafter, appellant commenced a civil lawsuit against Mr. Metzger to recover the stolen funds. A default judgment was entered against Mr. Metzger in the amount of $370,000 on January 26, 1995, and a writ of execution was issued on April 19, 1995, on various vehicles, including the race car.

On April 28, 1995, appellee filed a Petition for Return of Property pursuant to Rule 324 of the Pennsylvania Rules of Criminal Procedure seeking the return of the engine and transmission which he allegedly installed in the race car. On May 25, 1995, a hearing was held on appellee's petition, at which time the Commonwealth indicated that it had no proprietary interest in the race car. On July 13, 1995, the trial court ruled that appellee had an ownership interest in the engine and transmission of the race car and awarded appellee the sum of $1,633.86. In essence, the record reveals that appellee filed a *criminal* motion for return of property under a *civil* caption, and in the *civil* division of the Court of Common Pleas of Franklin County. In response, the trial court awarded appellee a civil judgment in the form of a monetary award which is an inappropriate remedy for a

criminal motion for return of property. We find this series of events improper.

■ We note initially that, although appellant did not file a preliminary objection raising the issue of jurisdiction, "it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction." *Commonwealth v. Lewis,* 288 Pa.Super. 198, 202, 431 A.2d 357, 358 (1981) (quoting *Marcus v. Diulus,* 242 Pa.Super. 151, 157, 363 A.2d 1205, 1208 (1976)). Accordingly, we will address appellant's claim that the trial court was without jurisdiction to adjudicate this matter.

■ It is well settled that a court of equity will decline jurisdiction in criminal matters except in such cases where there exists no adequate remedy at law. *Marcus, supra,* 363 A.2d at 1210. In the present case, however, appellee had two adequate remedies at law available to seek the return of his property. Pursuant to Rule 324 of the Pennsylvania Rules of Criminal Procedure, appellee could have pursued his claim in the *criminal* division of the Court of Common Pleas of Franklin County. 42 Pa.R.Crim.P. Rule 324. Appellee's second option would have been to file a property claim pursuant to Chapter 3200 of the Pennsylvania Rules of Civil Procedure once the writ of execution was levied upon the race car. 42 Pa.R.Civ.P. Rule 3201, et seq. Rule 3201 explains that the rules governing sheriff's interpleader apply "when tangible personal property levied upon pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution." 42 Pa.R.Civ.P. Rule 3201.

In the present case, appellee did not act correctly under either option. Consequently, the civil division trial court was presented with a criminal motion for which it had no jurisdiction because there was an adequate remedy at law; whether it be a civil motion filed in the court herein or a criminal motion filed in the criminal division. *See Lewis, supra,* 431 A.2d at 358 (where the appellant's complaint filed in the civil division of the court requesting the return of his property was dismissed by the equity court on the ground that the proper forum was in the criminal division). *See Commonwealth v.*

*Johnson,* 542 Pa. 568, 669 A.2d 315 (1995) (holding that every division of the court of common pleas has jurisdiction to transfer any case properly heard in the court of common pleas to the proper division having subject matter jurisdiction over that particular matter, but every division does not have jurisdiction to hear any matter that could be brought in the court of common pleas).

■ Clearly, the trial court herein, being a civil court, was without jurisdiction to consider a criminal motion for return of property. In addition to entertaining a matter for which it had no jurisdiction, the trial court proceeded to award appellee a monetary judgment in response to appellee's criminal Motion for Return of *Property.* Rule 324 provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, *may move for the return of the property* on the ground that he is entitled to lawful possession thereof." 42 Pa.R.Crim.P. Rule 324(a). Clearly, Rule 324 contemplates a return of the actual property seized as opposed to reimbursement for the value of the property.

Under the circumstances of the present case, we find that the trial court lacked subject matter jurisdiction to adjudicate appellee's Motion for Return of Property and awarded an inappropriate judgment. Accordingly, we vacate the judgment of the trial court awarding appellee the sum of $1,633.86.

Judgment vacated.

EAKIN, J., files a dissenting opinion.

EAKIN, Judge, dissenting.

I respectfully dissent. Given the procedural hash that the record here reflects, I would not find the equity court to have acted without jurisdiction, particularly as the appellant did not raise the issue until after the Court had entered its order.

As a result of a factual patchwork as piecemeal as the car itself, appellee had multiple considerations under the criminal and civil rules. He was faced with pursuing a claim to autoparts, appended to a racecar procured with stolen money,

seized by the state police as evidence in a pending criminal proceeding, yet levied on[1] as the result of appellant's money judgment stemming obtained in an action in equity. This situation was more suggestive of a law school examination question than it was of a straightforward "adequate and complete" remedy at law.

Appellant's challenge suggests an adequate remedy at law, as appellee ended up with a money judgment. Appellant makes this claim, having himself received (indeed, pleads it herein) a money judgment at the very same term and number as the order he challenges. While money usually connotes an adequate remedy at law, appellee did not request a money judgment; he asked for return of his property. That the eventual order gave him a judgment should not retroactively deprive the court of equitable jurisdiction. Where equity is the goal, a monetary award is among the remedies available to the court in fashioning a result.

Rule 1509 required appellant to raise the issue of jurisdiction by preliminary objection; he did not raise the issue until after the final order was entered. While it is true that we are not *required* to treat appellant's failure as a waiver of the issue, certainly we *may* do so. See, e.g., *Waksmunski v. Delginis*, 391 Pa.Super. 37, 41, 570 A.2d 88, 91 (1990). Where appellant's very complaint is appellee's failure to choose the right rule in a muddled situation, appellant would have us ignore his own failure to comply with a straightforward and basic rule.

Where the appellant did not abide by the applicable Rules, and obtained in equity the very remedy he would deny appellee, his position should not prevail. The equity court, faced with the broken procedural eggs of the situation, simply decided to make an omelet. No one offered a better recipe, suggested a different pan, nor complained he was using the

---

1. Just how the Sheriff levied on criminal evidence is unclear; appellant avers in his answer that the Writ of Execution was issued April 19, and says no more. It is unclear whether appellee knew of the levy before the Answer was filed.

wrong burner of the Franklin County stove until the cooking was done.

I would not disturb the chef's result.