# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James F. Martin, III and Renee Martin   :
 :
             v.         :
 :
Zoning Hearing Board of West Vincent  :
Township   :
 :
             v.         :
 :
Marc Duey and Maureen Duey,     :    No. 686 C.D. 2019
               Appellants   :    Submitted: March 24, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                      FILED: April 29, 2020

Marc Duey and Maureen Duey (the Dueys) appeal from the Chester County Common Pleas Court's (trial court) March 22, 2019 order that sustained the appeal of intervenors James F. Martin, III and Renee Martin (the Martins), and vacated the West Vincent Township (Township) Zoning Hearing Board's (Board) Opinion and Order (Order), which sustained the issuance of a violation notice to the Dueys. There are three issues before this Court: (1) whether the Board properly assumed jurisdiction over the Dueys' appeal filed more than one year after the violation notice's issuance; (2) whether the Dueys waived all issues on appeal for failure to serve their statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement) on the trial judge; and (3) whether the trial court should have dismissed the Martins' appeal as non-justiciable.

Since 2008, the Dueys have owned the approximately 12.7 acres of land located at 2105 Conestoga Road (Property), which is in an R-3 Residential District. The Dueys used the Property for horseback riding, all-terrain vehicle riding, walking, hiking and running, and permitted a neighbor to use the Property for horseback riding and horse grazing. In 2014, the Dueys began constructing an obstacle course on the Property to be used for charitable events. The Dueys advised the Township about the planned Property use and inquired whether there was a limit to the number of individuals they could have on the Property. The Township did not respond to the Dueys' inquiry, but warned that if the proposed obstacle course use was for a commercial purpose and the Dueys charged a fee, such use would violate the Township's Zoning Ordinance[1] (Ordinance). Rather than charge a fee, the Dueys asked those who used the Property to make a donation to a non-profit of their choice in exchange for access to the Property. As a result, various non-profit organizations received donations from individuals who used the Property.

On December 5, 2015, CrossFit Proven Gym held an event on the Property to raise money for 22 Until None, a non-profit organization that brings awareness to veterans' suicides. The Dueys did not charge admission and did not receive compensation for CrossFit Proven Gym's use. Moreover, although participant donations were not required at the event, some participants donated to 22 Until None. The Township's Zoning Officer (Zoning Officer) visited the Property on December 5, 2015. On December 9, 2015, the Zoning Officer issued a Zoning Officer Determination, Enforcement Notice and Cease and Desist Order (2015 Enforcement Notice) asserting that the Dueys violated Sections 501 and 503 of the Ordinance (relating to purposes and use regulations in an R-3 Residential District), and various provisions of Sections 2102 and 2014 of the Ordinance (pertaining to

---

[1] Township Zoning Ordinance 2010, as amended December 23, 2013.

2

parking, access, screening and design requirements).  *See* Reproduced Record (R.R.) at 16a-19a.  In response, the Dueys ceased the allegedly objectionable activities on the Property and did not appeal from the 2015 Enforcement Notice.

On January 9, 2016, the Dueys permitted an online Facebook group to use the Property to raise funds for a Bucks County non-profit corporation's anti-bullying campaign (January 9, 2016 Event).  The Dueys did not charge admission or receive compensation for the group's Property use.  Donations were not required, and there was no preregistration or prepayment.  On March 22, 2016, the Zoning Officer issued a Notice of Violation (2016 Enforcement Notice) to the Dueys for various Ordinance violations pertaining to the Property's use and the January 9, 2016 Event.  After receiving the 2016 Enforcement Notice, the Dueys ceased all events on the Property.

Thereafter, the Dueys worked with the Township to negotiate a settlement of the 2016 Enforcement Notice, initially requesting (within 30 days of the 2016 Enforcement Notice) that the Township agree to extend the period to appeal from the 2016 Enforcement Notice.  The Township's Solicitor agreed to extend the Dueys' appeal time, and consented to subsequent appeal period extensions from the 2016 Enforcement Notice during the settlement negotiations.  *See* R.R. at 1047a.  On March 29, 2017, more than a year after issuance of the 2016 Enforcement Notice, the Dueys appealed from the 2016 Enforcement Notice to the Board.

The Board held numerous hearings between May 31, 2017 and November 30, 2017.  The Martins appeared with counsel at the hearings in support of the 2016 Enforcement Notice, were granted party status,[2] and participated by testifying, presenting evidence and cross-examining witnesses.  During the hearings, the Martins' counsel argued that the Dueys' appeal should be dismissed as untimely,

---

[2] *See* R.R. at 44a-45a.

since it was filed more than a year after the 2016 Enforcement Notice's issuance, and the Township was without authority to extend the appeal period. *See* R.R. at 68a. Notwithstanding the Martins' arguments, the Board assumed jurisdiction. *See* R.R. at 77a.

On January 30, 2018, the Board issued the Order. Therein, the Board addressed the untimely filing argument, explaining:

> The [Dueys] engaged in discussion with the Township in the [30]-day period following [issuance of] the 2016 [Enforcement] Notice. In that time, representatives of the Township made statements that led the [Dueys] to believe their appeal could be postponed beyond the [30]-day period following the issuance of the [2016 Enforcement N]otice. But for these actions on behalf of the Township, it is likely the [Dueys] would have filed their appeal with the Board in the requisite time. Thus, the doctrine of variance by estoppel and other equitable principles indicate the appeal of the 2016 [Enforcement] Notice beyond the specified [30]-day period should be allowed.

R.R. at 1074a-1075a.

The Board ultimately denied the Dueys' appeal and sustained the 2016 Enforcement Notice, concluding that the January 9, 2016 Event was for a prohibited commercial recreational purpose. Notwithstanding, the Board declared:

> The Board does not find this means the [Dueys] must cease use of the obstacle course on the Property. Rather, the Board finds the [Dueys] may only use the Property and the obstacle course thereon for recreational use and other permitted uses as specified in the . . . Ordinance, Article V, Section 503(A), and not for *commercial recreational use*.

R.R. at 1081a.

On March 1, 2018, the Martins appealed to the trial court (Martins' Appeal) arguing that, because the Dueys' appeal to the Board was untimely, the 2016 Enforcement Notice was binding and unassailable, and the Board improperly

4

assumed jurisdiction. The Dueys and the Township intervened in the Martins' Appeal. On April 30, 2018, the Board filed a motion to quash the Martins' Appeal (Motion), contending that, since the Martins prevailed below, they were not aggrieved by the Board's Order. The Township and the Dueys joined in the Motion. On August 21, 2018, the trial court dismissed the Motion without prejudice. By March 22, 2019 order, the trial court sustained the Martins' Appeal, vacated the Board's Order, and held that the 2016 Enforcement Notice and the violations alleged therein were binding and unassailable due to the Dueys' late-filed appeal to the Board. The Dueys appealed to this Court.[3]

> By April 22, 2019 order, the trial court directed the Dueys:
>
> [T]o file of record and serve upon the [trial court judge] [their Rule 1925(b) Statement] . . . . The [Rule 1925(b)] Statement must be served upon the [trial court judge] pursuant to [Rule] 1925(b)(1). The [Rule 1925(b)] Statement must be filed and served no later than twenty-one (21) days from the date of the entry on the docket of this Order. Any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived.

R.R. at 1275a.

On May 13, 2019, the Dueys filed their Rule 1925(b) Statement with the trial court, attached to which was a certificate indicating service was made on all parties and the trial court. Notwithstanding, in a May 23, 2019 Order in Lieu of Rule 1925(a) Opinion (May 23, 2019 Order), the trial court noted that, although the Rule 1925(b) Statement had been filed with the trial court, the Dueys had not served the trial court judge as ordered. The trial court urged this Court to find that the Dueys

---

[3] "In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether the trial court committed an abuse of discretion or error of law." *Loganville Borough v. Godfrey*, 59 A.3d 1149, 1151 n.4 (Pa. Cmwlth. 2012).

had waived all issues and to quash the Dueys' appeal. On July 24, 2019, this Court ordered the parties to address in their briefs whether the Dueys preserved any issues for appeal.

Initially, the law is well-established that "[i]**f an adjudicative body below lacks subject matter jurisdiction, an appellate court does not acquire jurisdiction by an appeal**." *Pa. Higher Educ. Assistance Agency v. Lal*, 714 A.2d 1116, 1118 (Pa. Cmwlth. 1998) (*PHEAA*) (emphasis added); *see also Pa. Nat'l Guard v. Workmen's Comp. Appeal Bd.*, 437 A.2d 494 (Pa. Cmwlth. 1981). Consequently, if the Board lacked jurisdiction to hear the Dueys' appeal, the trial court did not have jurisdiction to hear the Martins' Appeal and, thus, this Court would not have jurisdiction to decide the instant appeal. Because "[a] court's jurisdiction is a threshold issue . . . ," *McCutcheon v. Philadelphia Electric Co.*, 788 A.2d 345, 349 (Pa. 2002),[4] this Court must first determine whether it has jurisdiction over the instant appeal. Accordingly, the first issue we must address is whether the Board had jurisdiction over the Dueys' appeal.

At the outset,

> [t]he issue of subject matter jurisdiction may be raised by the parties at any stage of the proceedings or by the court *sua sponte*.[5] **Lack of subject matter jurisdiction of a court or administrative tribunal to act in a matter is an issue that neither can be waived by the parties, <u>nor can the parties confer subject matter jurisdiction on a court or tribunal by agreement or stipulation.</u>**

---

[4] *See also Adams v. Dep't of Health*, 967 A.2d 1082, 1086 n.7 (Pa. Cmwlth. 2009) (This Court need not consider a motion to dismiss the appeal for mootness "in light of our disposition on the threshold issue of subject matter jurisdiction.").

[5] Even where a party fails to raise the issue, "'it is still the affirmative duty of [a c]ourt to consider the issue of subject matter jurisdiction.'" *Stake v. Metzger*, 681 A.2d 1345, 1346 (Pa. Super. 1996) (quoting *Commonwealth v. Lewis*, 431 A.2d 357, 358 (Pa. Super. 1981)).

6

*Greenberger v. Pa. Ins. Dep't*, 39 A.3d 625, 629 n.5 (Pa. Cmwlth. 2012) (citation omitted; bold and underline emphasis added); *see also Zuver v. Workers' Comp. Appeal Bd. (Browning Ferris Indus. of Pa., Inc.)*, 755 A.2d 112, 114 (Pa. Cmwlth. 2000) ("As with any issue going to the subject matter jurisdiction of an administrative tribunal to act, the parties cannot confer subject matter jurisdiction on a tribunal by agreement or stipulation."). Thus "[w]here an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence." *Julia Ribaudo Senior Servs. v. Dep't of Pub. Welfare*, 969 A.2d 1184, 1188 (Pa. 2009). Pursuant to Section 914.1(b) of the Pennsylvania Municipalities Planning Code (MPC),[6] "[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner **within 30 days** after notice of the determination is issued." 53 P.S. § 10914.1(b)[7] (emphasis added).

The Martins contend that, since the Township's Solicitor was without authority to extend the Dueys' appeal deadline, the Board lacked subject matter jurisdiction over the Dueys' untimely appeal. The Martins cite *Kocher v. Zoning Hearing Board of Wilkes-Barre Township* (Pa. Cmwlth. No. 81 C.D. 2015, filed February 9, 2016), and *Rothrock v. Zoning Hearing Board of South Whitehall Township* (Pa. Cmwlth. No. 2127 C.D. 2007, filed September 8, 2008), to support their position.[8]

In *Kocher*, the township zoning enforcement officer issued a December 12, 2013 enforcement letter to Kocher, an auto body shop owner, for expanding his

---

[6] Act of July 31, 1968, P.L 805, *as amended*, 53 P.S. §§ 10101-11202.

[7] Added by Section 95 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1.

[8] This Court's unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

business without complying with the township's zoning ordinance, and notified Kocher that he had 30 days to appeal. By January 10, 2014 letter, postmarked on January 13, 2014, Kocher's counsel notified the township zoning enforcement officer that, if the enforcement letter was a formal decision, then counsel's letter would constitute an enforcement notice appeal. The township zoning enforcement officer received Kocher's counsel's letter on January 14, 2014, and, the next day, informed Kocher's counsel that the appeal was untimely.

Notwithstanding, pursuant to a discussion with the township solicitor, the township zoning enforcement officer granted Kocher an additional five days to appeal to the zoning hearing board. After a hearing, the zoning hearing board upheld the December 12, 2013 enforcement letter. Kocher appealed to the common pleas court, which considered the appeal *de novo*, took additional testimony, and affirmed the zoning hearing board's decision. Thereafter, Kocher appealed to this Court.

The *Kocher* Court held:

We cannot reach these issues because, as we noted earlier, Kocher's appeal to the [zoning hearing board] was untimely. Section 914.1(b) of the MPC . . . provides that '[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued.' . . .

Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals. Questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties, or by the court on its own motion. By permitting Kocher to file a late appeal, the [zoning hearing board], through [the township zoning enforcement officer], enlarged the appeal period, thereby extending to itself jurisdiction it would not otherwise have. Although Kocher's counsel filed his appeal just one day late, the late filing is a jurisdictional defect that appellate courts may not overlook. **Common pleas' review was a nullity as the [zoning hearing board] lacked**

8

**jurisdiction over Kocher's initial appeal and we must therefore vacate that [o]rder and the [zoning hearing board's] decision accordingly**.

*Kocher*, slip op. at 6-8 (emphasis added; citations and footnotes omitted).

In *Rothrock*, the zoning enforcement officer issued an August 9, 2005 enforcement notice alleging that Rothrock's sign violated the zoning ordinance. On December 21, 2005, Rothrock filed an untimely appeal to the zoning hearing board. By agreement, no objection was made to Rothrock filing an appeal *nunc pro tunc*. On March 9, 2007, after a hearing, the zoning hearing board denied Rothrock's appeal. Rothrock timely appealed to the trial court which, on October 17, 2007, affirmed the zoning hearing board's order. Rothrock appealed to this Court.

The *Rothrock* Court explained:

As a preliminary matter, this Court must first address jurisdiction and Rothrock's '*nunc pro tunc*' appeal to the [zoning hearing b]oard. It is well-settled that issues of subject matter jurisdiction cannot be waived and may be raised by a party for the first time on appeal or *sua sponte* by the court. Jurisdiction of the subject matter cannot be acquired by a court through consent, waiver, or estoppel of the parties.

The failure to timely appeal an administrative agency's action is a jurisdictional defect. The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. The appellant must justify the delay in filing the appeal. An appeal *nunc pro tunc* may be permitted, but only where the appellant proves that the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process or non-negligent circumstances related to the appellant or counsel or a third party. The appellant must also establish that (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee is not prejudiced by the delay.

Here, the zoning enforcement notice was mailed to Rothrock on August 19, 2005. The appeal period is thirty

9

(30) days after notice has been served. Rothrock filed its notice of appeal on December 21, 2005, which was well beyond the appeal period and therefore late. The notice of appeal itself acknowledges that it was not filed on a timely basis, but asserts that it was agreed by counsel on both sides that the request for an interpretation could be made on a *nunc pro tunc* basis. As stated above, jurisdiction of the subject matter cannot be acquired by the hearing tribunal through the consent of the parties. There is no assertion that the delay in filing was caused by any extraordinary circumstances warranting an appeal *nunc pro tunc*. The record is void of any evidence which could support an appeal *nunc pro tunc*. As a result, the [zoning hearing b]oard lacked jurisdiction to hear Rothrock's untimely appeal. Likewise, this Court lacks jurisdiction to consider the merits of Rothrock's appeal.

*Rothrock*, slip op. at 4-6 (citations omitted).

The Dueys discount *Kocher* and *Rothrock* as lacking precedential value, and cite to *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581 (Pa. 2000). The Dueys respond that "[o]ur Supreme Court . . . has held that, where a government entity represents that it has extended the time in which to appeal, that promise must be honored by the courts even where it was improvidently made[.]" Dueys' Br. at 17 (bold and italic emphasis omitted).

In *Union Electric*, property owners attempted to challenge real estate assessment notices for their property. Although the owners were prepared to timely appeal to the county board of property assessment, appeals and review (County Board), the County Board issued an order extending the time for filing tax assessment appeals, and the property owners filed their appeal in accordance with that order, but beyond the time permitted by the relevant statute. The County Board held hearings, and the property owners received a tax assessment reduction. Nonetheless, the property owners appealed from the decisions to the common pleas court. The school district filed motions to quash on the basis that the appeals to the County Board were

10

untimely. The common pleas court granted the motions to quash. On appeal, this Court affirmed on the basis that the County Board did not have authority to extend the appeal filing deadline. On further appeal, the Pennsylvania Supreme Court explained:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the 'principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.' *Commonwealth v. Stock*, . . . 679 A.2d 760, 764 ([Pa.] 1996). Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was 'fraud or a breakdown in the court's operations through a default of its officers.' *Bass* [*v. Commonwealth*], . . . 401 A.2d [1133,] 1135 [(Pa. 1979).]

*Union Elec.*, 746 A.2d at 584.

Finding that *nunc pro tunc* relief was appropriate, the *Union Electric* Court concluded:

> [T]here is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted.
>
> Here, the [County] Board extended the filing deadline for tax assessment appeals in contravention of [the relevant statute]. The [County] Board acted without authority, in violation of express statutory language, and misled [the property owners] into believing that they had the ability to extend the filing deadline. Moreover, **the [County] Board was cloaked with the apparent authority to extend the deadline *because it was the governmental reviewing body before which the appeals were filed and the [property owners] reasonably relied on this appearance of authority*.** Under these circumstances, we find that the [County] Board's negligent action in extending the filing deadline constitutes a breakdown in the court's operations

11

> such that [the property owners'] appeals should be permitted *nunc pro tunc*.

*Id.* (bold and italic emphasis added).

Relying on *Union Electric*, the Dueys argue that they

> relied on the representations of Township officials that the time to appeal would be tolled during their good faith negotiations toward settlement. The trial court was bound to honor that government representation *or* grant allowance of appeal *nunc pro tunc* - which, because a hearing has already been held, amounts to the same thing.

Dueys' Br. at 19.

The **Township's Solicitor**, acting on the Township's behalf, agreed to extend the Dueys' Board filing deadline. However, **the "governmental reviewing body" in this case was the Board, not the Township**. *Union Elec.*, 746 A.2d at 584 (emphasis added). Thus, unlike in *Union Electric*, the Township's Solicitor "was [**not**] cloaked with the apparent authority to extend the deadline because [the Township] was [**not**] the governmental reviewing body before which the appeals were filed [such that] [the Dueys] reasonably relied on this appearance of authority." *Union Elec.*, 746 A.2d at 584. Further, the Dueys were represented by counsel in their communications, *see* R.R. at 1014a-1015a, who could not have *reasonably* relied on the Township's Solicitor's representations when such were contrary to the well-established legal precedent that "parties [may not] confer subject matter jurisdiction on a court or tribunal by agreement or stipulation." *Pennsylvanians for Union Reform v. Ctr. Cty. Dist. Attorney's Office*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016). Accordingly, *Union Electric* is inapposite.

Thus, consistent with this Court's *Kocher* and *Rothrock* decisions, and in accordance with *PHEAA*, this Court holds that since the Board lacked jurisdiction to decide the matter in the first instance, the trial court lacked jurisdiction over the appeal. Although the trial court properly concluded that the Board lacked

12

jurisdiction, because it also lacked jurisdiction, *see PHEAA*, the trial court should have quashed the Martins' Appeal and vacated the Board's Order, rather than deciding the matter. *See In the Interest of K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) ("An appeal is [properly] 'quashed' when the court lacks jurisdiction over the appeal in the first instance.").

For all of the above reasons, the Dueys' appeal is quashed, the trial court's order is vacated, and the matter is remanded to the trial court with direction to vacate the Board's Order and to quash the appeal therefrom.


_____
ANNE E. COVEY, Judge

13

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James F. Martin, III and Renee Martin    :
                                        :
               v.                    :
                                          :
Zoning Hearing Board of West Vincent   :
Township                                  :
                                          :
               v.                    :
                                          :
Marc Duey and Maureen Duey,      :    No. 686 C.D. 2019
                        Appellants    :

## O R D E R

AND NOW, this 29th day of April, 2020, the appeal of Marc Duey and Maureen Duey is quashed, the Chester County Common Pleas Court's (trial court) March 22, 2019 order is vacated, and the matter is remanded to the trial court with direction to vacate the West Vincent Township Zoning Hearing Board's January 30, 2018 Order for lack of jurisdiction and to quash the appeal therefrom.

Jurisdiction is relinquished.


                                         _____
                                         ANNE E. COVEY, Judge