J-S16007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JACQUEZ DAVON BROWN :
:
Appellant : No. 1715 MDA 2024

Appeal from the Order Entered November 18, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004090-2022

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED MAY 07, 2025**

Jacquez Davon Brown appeals, pro se, from the order, entered in the Court of Common Pleas of York County, denying his motions to suppress and for return of property.  As the order is interlocutory, we quash.

The trial court set forth the factual and procedural history of this matter as follows:

> On July 9, 2022, a criminal complaint was filed charging [Brown] with criminal homicide.  A preliminary hearing was held on September 7, 2022, before Magisterial District Judge Joel Toluba and the charge was bound over for trial.  On September 28, 2022, [a Criminal] Information was filed charging [Brown] with murder of the first degree [] and murder of the third degree[.]
>
> On March 14, 2023, [Brown, through counsel,] filed an omnibus pre-trial motion that included a petition for writ of habeas corpus;

a motion for a **_Franks_**[1] hearing, and motions to suppress evidence for various alleged violations. After taking testimony, [the trial court] issued an order and opinion denying [Brown's] omnibus pre-trial motion for relief on February 2, 2024.

On July 25, 2024, [Brown, while still represented by counsel,] filed a [pro se] document entitled "Motion for Return of Property/Motion to Suppress" to the criminal docket. A hearing was scheduled for September 16, 2024. On that date the parties appeared and, after determining that [trial counsel] was retained solely to represent [Brown] in the criminal matter and that his representation did not extend to the quasi-civil return of property matter, [the trial court] identified the issue before it as whether or not the property in question is evidence in the pending criminal case. Further, the [trial court] indicated that the suppression motion was already litigated, extensively, in the criminal matter and a ruling was issued. Therefore, suppression would not be revisited. The hearing was continued to November 18, 2024, to provide [Brown] the opportunity to properly subpoena and serve the individuals necessary to give testimony.

On November 18, 2024, a hearing was conducted and evidence taken. At the conclusion, [the trial court] issued an order granting the return of specified, enumerated items and denying the return of: U.S. currency in the amount of Nine Hundred Ninety Dollars ($990.00) from the wallet; U.S. currency in the amount of One Thousand Six Hundred Fifty Dollars ($1,650.00) contained in a yellow envelope; the set of Acura keys; and [a] black [A]pple iPhone[. The court dismissed] the motion to suppress as already resolved in the criminal case.

On November 19, 2024, [Brown] filed a notice of appeal to the Superior Court. On that same date[, the trial] court issued an order directing [Brown] to file a statement of errors complained of on appeal pursuant to P[a].R.A.P. 1925(b).

---

[1] **_Franks v. Delaware_**, 438 U.S. 154 (1978) (requiring hearing be held at defendant's request where defendant makes substantial preliminary showing that false statement knowingly and intentionally, or with reckless disregard for the truth, included in search warrant affidavit, and allegedly false statement necessary to finding of probable cause).

Trial Court Opinion, 1/21/25, at 2-4 (unnecessary capitalization and footnotes omitted).

Brown and the trial court have both complied with Rule 1925. On appeal, Brown raises six issues relating to the denial of his pro se motion to suppress and one issue relating to the denial, in part, of his motion for return of property. All of these claims are interlocutory and, as such, we lack jurisdiction to consider them.

Generally, "an appeal may be taken as of right from any final order of a governmental unit or trial court." Pa.R.A.P. 341(a). A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). A pre-trial order denying a motion to suppress is not final, but interlocutory, and does not fall within any of the categories enumerated in Pa.R.A.P. 311 (interlocutory appeals as of right) or Pa.R.A.P. 313 (collateral orders).[2] *See Commonwealth v. Slaton*, 556 A.2d 1343, 1350 (Pa. Super. 1989).

Similarly, "while a criminal action remains pending, an appeal from an order denying the defendant's motion to return property is interlocutory and unappealable if the defendant's motion relates in any way to the criminal prosecution." *Commonwealth v. Bowers*, 185 A.3d 358, 362 (Pa. Super.

---

[2] Moreover, the suppression motion in question was filed by Brown, pro se, while he was represented by counsel and, as such, is a hybrid filing that constitutes a legal nullity. *See Commonwealth v. Williams*, 241 A.3d 353, 354 n.1 (Pa. Super. 2020). Accordingly, the trial court properly took no action on the pro se motion. *See id.* (when counseled defendant files pro se document, courts do not act on filing but instead note it on docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4)).

2018), citing **Commonwealth v. Lewis**, 431 A.2d 357, 360 (Pa. Super. 1981). Here, we agree with the trial court's determination that the items Brown seeks to have returned are related to his pending criminal prosecution and are, in fact, the subject of Brown's pro se motion to suppress. **See** Pro Se Motion to Suppress, 7/25/24, at ¶ 71 (seeking suppression of, inter alia, U.S. currency from Brown's wallet in the amount $990.00, U.S. currency contained in a yellow envelope in the amount of $1,650.00, and a set of Acura keys). Accordingly, we quash. **Slaton**, **supra** (quashing interlocutory cross-appeal from order denying suppression of evidence); **Lewis**, **supra** (quashing appeal from interlocutory order denying return of seized property).

Appeal quashed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/07/2025